NEW-YORK,
May, 1810.

PHILIPS
v.
HAWLEY.

PHILIPS *against* HAWLEY, Administrator, &c.
The same *against* the same.

THE first suit was an action of debt, on a bond given by the intestate.

By the affidavit of the defendant's attorney, it appeared, that on the 21st *March*, 1809, the declaration and notice of rule to plead, in the first cause, were served on the defendant's attorney. On the 18th *April* the attorney sent a plea by a person, in the way he usually sent papers, and was not informed, until *July* after, that the plea had miscarried, and a default had been accordingly entered; but the attorney did not suppose the defendant, as administrator, could be responsible in consequence of such default.

A judgment was obtained against the defendant in the first cause, in *May* term, 1809, for the amount of the bond of the testator, on which the suit was brought, and an execution was issued, the 13th *November* last, returnable in the *November* term, against the goods and chattels of the intestate, which was the first notice the defendant had of the judgment; he paid the costs of the judgment, and the sheriff made a return of a *devastavit*. The plaintiff, thereupon, in *February* last, commenced the second suit against the defendant, suggesting a *devastavit;* to which suit the defendant pleaded *nil debet*, and payment.

The plaintiff's attorney informed the attorney of the defendant, in *April*, 1809, that a default had been entered in the first cause, for want of a plea ; and the defendant's attorney replied that he did not care, as he supposed the defendant had no defence.

The defendant stated, in his affidavit, that he never had *assets* sufficient to pay the debt of the plaintiff; that the intestate died deeply insolvent, without leaving any

In an action against an *executor* or *administrator*, though a regular judgment by default has been obtained, & more than a term has elapsed since the defendant knew of the default, yet the court will set aside the default, on payment of costs, to let in the administrator to plead, so as to prevent his being made liable, *de bonis propriis*, through the ignorance or negligence of his attorney.

NEW-YORK,
May, 1810.

PHILIPS
v.
HAWLEY.

real estate; that he had fully administered all the estate which had come into his hands; and that he had a good and substantial defence on the merits, as he was advised by his counsel, and that unless he was permitted to make a defence, he would be remediless.

*Hopkins*, for the defendant, moved to set aside the judgment in the first suit, and that the defendant have leave to plead therein; and that all proceedings be stayed in the second suit, until a trial can be had in the first.

*Johnson*, contra.

*Per Curiam.* There is no doubt that the plaintiff's proceedings were regular, and that there has been a *laches* on the part of the defendant, or his attorney, in not applying at the term next after he was acquainted with the fact of a default having been entered. In any other case, such a neglect would be fatal, and we would not afford relief; but in the case of executors and administrators we will relieve, especially when the defendant knew nothing of the default, until it was too late to apply at the last term, and his attorney, though his ignorance was gross, seems not to have been aware of the consequence of a judgment by default.

Let the default, judgment and execution in the first cause be set aside, and the defendant plead in 8 days after service of a copy of the rule, on payment of the costs of the suit and of this application; and let the proceedings in the second cause be stayed, until a trial can be had in the first cause; or if the plaintiff shall discontinue without further proceedings, the defendant must pay the costs of the said suit.

Rule granted.