Washington,
 
 J.
 

 delivered the opinion of the Court as follows :
 

 The Appellees filed their bill on the equity side of the Circuit Court of Virginia for the purpose of recovering a sum of money due from William Drummond to William B. Magruder & Co. To entitle themselves to sustain this suit, they allege in their bill that they are creditors and-trustees of William B. Magruder & Co. by virtue of a deed of assignment annexed to the bill as part thereof. This exhibit purports to be an assignment to the Complainants of all'the partnership effects, debts and credits, of William B. Magruder & Co. in trust for the payment of certain favored creditors of that company, amongst whom are the Complainants.
 

 The Appellants,filed their answer denying any knowledge of such a co-partnership as William B. Magruder & Co. and call upon the Complainants to prove the same. They also deny any knowledge of the deed of trust mentioned in and annexed to the bill, and call ’upon the Complainants to make full proof of it. To this answer there was a general replication; and the cause being heard upon these proceedings, the exhibits and examination of witnesses and the report of the master commissioner, a decree was rendered for the Complainants for the sum reported to be due from the Defendant to William B. Magruder
 
 Sc
 
 Co. from which decree the Defendants appealed to this Court,
 

 
 *125
 
 The exhibit mentioned in and annexed to the bill, alieged to be an in ¿enture of assignment from William B. Magruder & Co. to the Complainants, áppeárs to be a copy of a sealed instrument certified to be a true copy from the records of Baltimore county Court, under the hand of William Gibson, who styles himself clerk of ■that Court. The#record contaihs no other evidence of the authenticity of this instrument; and the quéstion ■is, whether the Circuit Court erred in decreeing upon this evidence' in favor of the Appellees.
 

 -The right of the.Appellees to bring this suit is; by their own showing, merely derivative j and, consequently, it was incumbent on them to prove by legal évidence that the deed of assignment from William B. Magruder & Co. under which tliey claimed this right to sue a debtor of that house, was duly executed. The answer put this matter directly in issue by denying any knowledge, of the deed exhibited with the hill, and requiring full proof to be made of it. This Court is not at liberty to presume that any other pVoof of this deed was given in the Court below than what appears on the record. That proof consists in the certificate of a person-who styles himself clerk of Baltimore county Court, that the paper to which his certificate .is' annexed, is a copy of a deed taken from the records
 
 of
 
 the Court of that coqnty 5 but there is no such certificate as tíift act of congress requires to satisfy the Court that the attestation affixed to this copy, is in due form. It follows that the instrument so certified cannot be noticed as a copy of a deed from William B. Magruder &
 
 Co.;
 
 and as it ■is the foundation of the Complainants’ right, the Court erred in decreeing in favor of the Complainants upon such defective evidence. But as this Court cannot fail to perceive that the objection to the proof of this instrument is merely technical, ami was probably not made at all in the Circuit Court, it would seem improper to dismiss the bill absolutely. The Court is unanimous in reversing the decree; and a majority are of opinion that the cause ought to be remitted, to the Circuit Court of Virginia for further proceedings to be had therein.
 

 Decree reversed and remanded for further proceedings.