## Case No. 14,354.

### UNION BANK OF GEORGETOWN v. CRITTENDEN.

[2 Cranch, C. C. 238.] [1]

Circuit Court, District of Columbia. April Term, 1821.

JUDGMENT—MOTION TO SET ASIDE—DEFAULT—RULE TO PLEAD.

1. The court, at a subsequent term, will set aside a judgment irregularly obtained, and quash the execution issued thereon.

[Cited in Reiling v. Bolier, Case No. 11,671.]

2. A judgment by default, for want of plea, before the expiration of the rule to plead, is irregular, and may be set aside, on motion, at a subsequent term.

3. The Maryland act of 1763, c. 23, § 4, does not dispense with the rule to plead, although the declaration be sent and served with the writ twenty days before the appearance court.

The declaration, in this cause, had been sent out with the writ, and served twenty days before the appearance term, according to the Maryland act of 1763, c. 23, § 4, and the defendant entered his appearance in proper person. At the next term a rule was laid on the defendant to plead by the plea day, which was some day after the end of the term. The judgment by default, for want of plea, however, was entered at the same term (June term, 1820), before the expiration of the rule to plead; and an execution was issued thereupon, returnable to the present term.

Mr. Redin, for defendant, now moved to quash the execution and set aside the judgment for irregularity, and, in support of his motion, filed the defendant's affidavit, stating that, at the last term, before the judgment was entered, he had requested Mr. Lookerman, one of the attorneys of this court, to enter his appearance, and attend to the suit, which he promised to do. That Mr. Lookerman directed the clerk to enter his appearance, which was done, by mistake, in one suit only, there being two between the same parties. It also stated the grounds of his defence, upon the merits of the cause, being sued as indorser, and not having had due notice of nonpayment by the drawee of an inland bill, and that the drawer had become insolvent. Mr. Redin cited 1 Tidd, Prac. 515; 2 Tidd, Prac. 1089; Fox v. Money, 1 Bos. & P. 250; Davis v. Owen, Id. 344; Barlow v. Kaye, 4 Term R. 688; Act Md. 1787, c. 9, § 6; Wood v. Cleveland, 2 Salk.

518; Gerard v. Basse, 1 Dall. [1 U. S.] 119; Carrew v. Willing, Id. 130.

Mr. Jones, contra. There is no case in which the court will correct its own judgment after the term. If the record does not show the true judgment of the court, it may be corrected; but, if the court itself has irregularly rendered judgment, it has never been the practice to correct it after the term. But this judgment is not irregular. The copy of the declaration having been served on the defendant twenty days before the return of the writ, the return term was, by the act of assembly, the trial term of the suit; and no rule to plead was necessary. The defendant was not entitled to an imparlance, nor to a rule to plead. Mr. Jones cited Boote's History of a Suit at Law, 92; 1 Tidd, Prac. 101, 356; Act Md. 1763, c. 23, § 4; Act Md. 1721, c. 14, § 2; Act Md. 1787, c. 9, § 2.

THE COURT (nem. con.), having taken time to consider, quashed the execution, set aside the judgment, and reinstated the cause.