Martin
v.
Sarles.

MARTIN and WEBBERS, executors, *against* SARLES, administrator of REYNOLDS.

An administrator, who goes to trial upon a plea of payment, tho' in good faith, and not knowing the effect of a finding against him upon that plea, on verdict against him, will not be relieved, by being let in to plead *plene administravit*, although he swear that he has a good defence upon this plea.

THE defendant having filed an inventory, as administrator, was sued upon a bond of his intestate ; and being advised by the family of the intestate, that the bond was paid, retained an attorney, pleaded payment, and defended on this ground at the circuit, in April, 1824, by his counsel, when a verdict passed against him.

*S. A. Foot*, on an affidavit of Sarles, that he did not understand the legal effect of this plea of payment, as subjecting him to a personal liability for the debt, on its being found against him ; that it was pleaded in good faith ; and that he had fully administered when the suit was brought—moved to set aside all proceedings, on terms, and that the defendant be let in to plead *plene administravit*. It appeared that judgment had been entered on the verdict, in May term, 1824, a *fi. fa.* returned *nulla bona,* and a *capias ad respondendum* served on the defendant, issued and returnable in October term last, with a view to charge him personally. He swore that he did not understand, till the *capias* was served, that these proceedings would have the effect to charge him.

·[WOODWORTH, J. Can it be proper, after a party has thus had the chance of a trial, to allow him to come in at any distance of time for relief ?]

*Foot.* Laches are out of the question ; for the consequences were not known to the defendant.

[WOODWORTH, J. He had counsel.]

*Foot.* He could derive no benefit from his counsel ; for he did not dream of this consequence. He was misled by the family into a belief that he could make out payment, and accordingly instructed his counsel to rely upon this. The Court frequently relieve against mistakes of practice, and it appears to me their interference here would be warranted on the same principle.

[SUTHERLAND, J. Suppose a party suffers judgment by default, and then comes after a lapse of several terms, for relief, on the ground that he did not know the effect of the judgment.]

*Foot.* That would be a palpable case of negligence. Here is a case in which a mistake might very well happen; and *Philips* v. *Hawley*, (6 John. Rep. 129,) shows, that the Court will relieve an administrator, even where there has been laches, on the ground that his attorney was ignorant that through the want of a plea he would be charged personally.

[WOODWORTH, J. You do not make out that case.]

[SUTHERLAND, J. We must presume, at any rate, that the defendant's attorney and counsel understood the effect of a finding against this plea, till the contrary is shown.]

*Foot.* Being ignorant of the want of assets, he did not advise with his counsel; and the Court will relieve him from the consequences of this mistake, upon principles which would govern a Court of Equity in a similar case. (3 Bac. Abr. 87, *Executors & Administrators*, (M) pl. 1, n. (*d,*) and the cases there cited.) One of the cases cited in Bacon, holds, that finding a plea against the executor is not always conclusive; and if the plea was *bona fide*, a Court of Equity will relieve. It now seems to be settled, though formerly doubted, that Courts will notice and relieve against mistakes of law, as well as of fact. (*Hunt* v. *Rousmanier*, 8 Wheat. 174.)

[WOODWORTH, J. The defendant here says no more than any one may say, in truth, with respect to the effect of a plea of *plene administravit*, and many other pleas. If we allow this excuse, there would be no end to litigation. He went to trial with his counsel, having every opportunity for instruction as to the law of his case.] And,

*Per totam Curiam*, without hearing *E. Williams*, who was to have argued on the other side,

Motion denied.