Caldwell, J.
The proceeding in the commercial court of' Cincinnati was an action of assumpsit, brought by Reynolds to recover *296 the price of a quantity of tobacco, which he claimed to have sold to the defendants, Stansbury & Burch, as partners. The defendants plead the general issue, and claimed that no partnership existed between them, and that Burch had nothing whatever to do in the pmrchase of the tobacco. The plaintiff having offered evidence for the purpose of proving the sale of the tobacco, and tending to prove the partnership of defendants, gave in evidence a bill of exchange for $487.77, dated March 13, 1846, drawn upon and accepted by the defendant Stansbury, which bill was claimed to have been given for the tobacco.
The defendants then offered in evidence a copy of the record of a judgment, recovered by Reynolds against Stansbury, in the superior court of Cincinnati, at the January term, 1847, for $410.97, and offered to prove by parol, that the cause of action in that suit, and the one mentioned in the record, were the same. To this evidence the plaintiff objected. The objection was overruled by the court, and the evidence admitted.
The plaintiff then offered a record of proceedings had in the superior court of Cincinnati, showing that the judgment of Reynolds against Stansbury had been set aside at the January term of that court, 1849, on motion of the plaintiff Stansbury. This record does not show affirmatively that Stansbury had notice of the motion to set aside the judgment, nor does it show for what cause the judgment was vacated. Tne defendants objected to the admission of this record, “because not showing that Stansbury had notice of the motion, or for what cause the judgment was vacated, the court had no authority, at a subsequent term, on motion, to sot aside the judgment.” The court sustained the objection, and refused to permit this record to go in evidence; to which ruling of the court the ^plaintiff excepted. The jurj- returned a verdict for the defendant. The plaintiff has assigned for error the rulings of the court above referred to, in admitting the record of the recovery of the judgment in the superior court, and refusing to permit the record of the court setting aside that judgment to go in evidence, and also claiming that the court erred in their charge to the jury, which is set forth in the bill of exceptions. It is contended, in the first place, that the court erred in permitting the record to be given in evidence under the general issue, without notice.
In the case of Young et al. v. Black, 7 Cranch. 565, this same *297 question was presented precisely as it is in this case. Justice Story, in delivering the opinion of the court in that case, says: “ The defendant offered in evidence a record of a former suit between the same parties, in which judgment was rendered for the defendant, supported by parol proof that the former suit was for the same cause of action as the present suit. The plaintiffs denied its admissibility under the general issue, and we are all of opinion that the objection can not be supported.”
In 1 Phillips’ Evidence, page 243, the author states the rule thus: “In an action of assumpsit, the defendant may either plead a judgment recovered, or give it in evidence under the general issue.”
In 1 Greenleaf’s Evidence, section 531, it is laid down as well settled that a former recovery may be shown in evidence under the general issue, as well as pleaded in bar. The plaintiff relies on the case of Inman v. Jenkins, 3 Ohio, 271. The court in that case decide that a judgment of a former recovery can not be given in evidence under the general issue, without notice. That is a circuit decision, and is, as we think, contrary to the current of authority on the subject. Indeed, so far as our examination has extended, the decisions are all on the other side. We think, then, that the commercial court decided correctly in admittingthe record under the plea of the general issue.
The next question which we propose to consider is whether ^the court decided correctly in ruling out the record showing that this judgment had been set aside by the court. And this necessarily presents the other question—whether the court could treat this record, in a collateral proceeding, as a n-ullity. This is no doubt a question of some difficulty. It is contended in the first place, on behalf of defendants in error, that the term of the court at which the judgment was entered having passed, the judgment was beyond the control of the court, and that it could not, as in this case, at a subsequent term, set it aside. The question whether’ a court has the power, on motion, to set aside a judgment entered at a previous term, for irregularity, is one that has been frequently adjudicated in this state.
In the case of Hunt et al. v. Yeatman, 3 Ohio, where the question was directly presented, the court held that the power of a court to set aside a judgment for manifest irregularity, was one that was exercised by all courts; and that the power may be ex- *298 ereised, not merely at the term in which the .judgment is rendered, but at a subsequent term. And the court, in that iustarice, sustained the action of the court in error, in setting asido a judgment entered at a previous term.
The ease of Critchfield v. Porter, 518 of the same volume, was on a bill in chancery, where the complainant sought to be relieved against a judgment rendered against him, on the ground that the attorney who appeared for him and plead had no authority to act, and that ho had not been served with process. The court dismissed the bill on the ground that the complainant had a clear and ample remedy at law, by motion to have the judgment opened, although the term of the court at which it was entered had passed.
In the cases of Shelton v. Gill, 11 Ohio, 419; Sloo v. Lea, 18 Ohio, 307; and Abernethy v. Latimore, 19 Ohio, 288, the court fully recognized the same principle. The courts in New York appear to have adopted the same rule. Phillips v. Howley, 6 Johns. 129, and Morgan & Smith v. Dyer, 9 Johns. 255, are both cases in which the court held that it was ^competent for a court to open a judgment on motion, for good cause, at a term subsequent to the one at which it was rendered.
In Indiana, North Carolina, and some of the other states, the contrary rule has been established. See 7 Blackf. 334; 7 Iredell, 346. There, no doubt, is a direct conflict between the decisions on this subject. Still we must consider the rule as settled in Ohio, that a court, in a proper case, has the power, on motion, to set aside a judgment entered at a previous term. And we suppose that that power must be limited to cases where there has been irregularity in entering the judgment.
It may be proper here to remark, that all the authorities to which we have referred, as sustaining the power of the court to set aside a judgment in such a case (except that of Sloo v. Lea, 18 Ohio), are cases where the right to set aside the judgment was sought by the defendants to it.
It is not likely that the case would frequently occur in which a plaintiff would ask to sot aside his own judgment. Yet still, when the power of the court has once been established over a judgment at a subsequent term from that at which it is entered, we do not see but that a case might arise where an irregularity had crept into a judgment, without the fault of the plaintiff, where *299 justice would require the exercise of the power on his behalf as well as that of a defendant. In the case of Sloo v. Lea, the court suggest the right to set aside the judgment, on motion, as one of the remedies which belonged to the plaintiff in the judgment. If the superior court, then, had power over this judgment at the time they set it aside; if they had power to set it aside for irregularity, they may have adjudged that irregularity existed when none did exist, and their proceedings, therefore, clearly be erroneous. Yet the record of such proceedings could not be collaterally be impeached—could not be treated as a nullity.- The Supreme Court of the United States, in the case of Voorhees v. Bank of the United States, 10 Pet. 449, say : “ The line which separates error in judgment from the usurpation of power is very definite, and is precisely that which denotes the cases where a judgment or ^decree is reversible only by an appellate court, or may be declared a nullity collaterally, when it is offered in evidence in an action concerning the matter adjudicated, or purporting to have been so. In the one case, it is a record imputing absolute verity; in the other, mere waste of paper.
But it is said that the record in this case does not show that Stansbury had notice of the motion to set aside the judgment; and, therefore, the court did not acquiro jurisdiction in the'matter. Now we suppose, as the proceeding was an adversary one, and one that affected the rights of Stansbury, that it was necessary he should have notice, in order to invest the court with jurisdiction. But the record does not state whether he had or had not notice. It is entirely silent on the subject.
It is a principle well established, that to support the judgment or proceedings of a court of inferior and limited jurisdiction, it is-necessary that it should be shown from the face of the record that the court had obtained jurisdiction of the person of the defendant; but that in favor of the proceedings of a court of general jurisdiction, it is presumed that it had jurisdiction of the-person of the defendant, although that fact does not appear on the record. (1) In order to impeach the proceedings of a court of general jurisdiction, collaterally, it is necessary that the party impeaching it should prove affirmatively that process was not *300 -served. In 17 Wend. 483, the rule ia laid down to be that, “ An inferior court shall, when questioned, show that it acted within its jurisdiction, whereas, in courts of general jurisdiction, it is presumed, until the contrary is shown.” In the case of Wheeler v. Raymond, 8 Cowen, 314, and the case of Bloom et al. v. Burdock, 1 Hill, 130, *tbis principle is clearly established. The ■superior court of Cincinnati is a court of general jurisdiction, within the legal acceptation of that term, and its jurisdiction will be presumed, although that fact does not affirmatively appear on the record. Although we think it likely that the superior court may "have erred in setting aside this judgment; yet, having the power to set aside a judgment of the court at a subsequent term, if in this instance it exercised that power erroneously, the proceeding would not therefore be void. And a majprity of the court are •of opinion that the commercial coux-t erred in not permitting the record to go in evidence. We do not think it necessary to px’oceed -further in the examination of the other errors assigned.
The judgment of the commercial court will be reversed, and the cause remanded for further proceedings.

 Judge Spalding held, that notice might be presumed, not to bring the-parties into court, originally, but to uphold subsequent proceedings. (1)

) Spencer v. Brockaway, 1 Ohio, 259.