De Jarnette v. De Jarnette.

DE JARNETTE *vs.* DE JARNETTE.

[SETTLEMENT OF ACCOUNTS OF RESIGNED TRUSTEE.]

1. *Commingling of trust funds and individual funds by trustee.*—If a trustee lends the trust funds, and takes a note and mortgage to himself individually, he thereby mingles the trust funds with his own individual funds, and may be charged with a *devastavit* at the election of the *cestuis que trust.* (The case of *Beasley and Wife v. Watson, ante,* pp. 234–41, explained.)

APPEAL from the Chancery Court of Autauga.
Heard before the Hon. JNO. Q. LOOMIS,

IN the matter of the final settlement of the accounts of William P. De Jarnette, as trustee for James T. De Jarnette. The trust was created by the will of John P. De Jarnette, deceased, which was admitted to probate, in the probate court of said county, on the 13th September, 1853. The will was dated the 9th December, 1848, and made provision for an equal division and distribution of the the testator's estate among his widow and children, of whom the said James T. De Jarnette was one; and a codicil to said will, dated the 16th August, 1853, was as follows: "It is my will and desire, that my friend Cornelius Robinson shall receive and hold all the property, of every decription, that is willed and bequeathed by me to my son James T. De Jarnette, and that the legal title to the same shall vest in him, the said Robinson; and that he shall hold it in trust for the use and benefit of my said son, James T. De Jarnette, and his wife, and such children as *is* now, and may be hereafter born to him; the profits of said property to be expended, as far as may be necessary, for their support and maintenance; and the said property not to be subject to the debts or contracts of the said James T. De Jarnette, and at the death of him, the said James T. De Jarnette, and his wife, to be equally divided among his heirs." The record does not show whether said Robinson ever accepted

the trust, nor does it show when the said William P. De Jarnette was appointed in his stead.

The said trustee filed his resignation, in the office of the register in chancery, on the 13th August, 1866; and the 10th November, 1866, was thereupon appointed by the register for the settlement of his accounts. On the settlement, the trustee asked to be allowed a credit for the amount due on a promissory note, executed by said James T. De Jarnette and his wife, dated the 9th January, 1861, and payable on the 1st January next after date, to said William P. De Jarnette or bearer; which note was secured by a mortgage on two slaves, belonging to the statutory separate estate of Mrs. De Jarnette, and contained a power of sale on default being made in the payment of the note at maturity. On the hearing before the register, as his report states, "it was admitted, that the sum of eight hundred and thirty-two dollars, part of the amount of said note, was trust funds, and the balance ($286 18) was the amount which the trustee had paid out for family supplies for said James De Jarnette, in 1860, in excess of the interest due to the *cestuis que trust* for that year, and that the trustee had no other funds of said James T. De Jarnette in his hands except the said trust funds." The guardian *ad litem* of the infant *cestuis que trust* objected to the allowance of this note as a credit to the trustee, on the ground that the facts showed a conversion of the trust funds, which rendered the trustee personally liable for the loss of the money loaned. The register overruled the objection, and allowed the credit; but the chancellor sustained an exception to his report on this ground, and charged the trustee with the amount due on the note, and interest thereon; and this part of the chancellor's decree is now assigned as error.

Wm. H. NORTHINGTON, for appellant, cited 2 Story's Equity, 705; *Hart v. Ten Eyck*, 2 John. Ch. 76; *Thompson v. Brown*, 4 John. Ch. 619–29; *Booth v. Booth*, 1 Beavan, 129; *Crutchfield v. Haynes*, 14 Ala. 54.

C. S. G. DOSTER, *contra*, cited *Maury v. Mason*, 8 Porter,

211; *Raby v. Rideholgh*, 31 Eng. Law & Eq. 459; Lewin on Trusts, 337; Tiffany & Bullard on Trusts, 588.

A. J. WALKER, C. J.—A trustee loaned the funds of the trust, on note and mortgage executed to himself individually. This was a commingling of the trust funds with his own, and a destruction of their identification; and therefore he is liable for their loss. This principle may work an individual hardship in this case; but it is the law, long established, and recognized by the courts as "essential to the general interests of mankind."—Lewin on Trusts, m. p. 296, 333; 2 Story's Equity, § 1270; Fonblanque's Equity, 474, n.; *Freeman v. Fairlie*, 3 Merivale, 28; *Wren v. Katon*, 11 Vesey, 377; *Massey v. Banner*, 4 Mad. 413; *Fletcher v. Walker*, 3 *ib.* 73; *Routh v. Howell*, 3 Vesey, 565; *Verner's Estate*, 6 Watts, 250; *Kellett v. Rathbun*, 4 Paige, 102; *Case v. Abeel*, 1 *ib.* 402; *Hart v. Ten Eyck*, 2 Johns. Ch. 108; *Mumford v. Murray*, 6 *ib.* 1; *Diffenderfer v. Winder*, 3 G. & J. 342; *Jameson v. Shelby*, 2 Hum. 198; Dayton on Surrogates, 489; 2 Lomax on Ex. 561, m. p. 341; Hill on Trustees, 376; *Ex parte Hilliard*, 1 Vesey, 89; *Roche v. Hart*, 11 Vesey, 61; *Ivey v. Coleman*, at the present term; Tiffany & Bullard on the Law of Trusts & Trustees, 582; 2 Williams on Ex. 1546; *Pennell v. Deffield,* 23 Eng. L. & Eq. 460; *In the matter of Stafford*, 11 Barb. 353; 3 L. C. in Eq., m. p. 740, top 445; *West Br. Bank v. Fulmer,* 3 Penn. St. R. 390; *McAllister v. Commonwealth*, 30 Penn. St. 536; *Commonwealth v. McAllister*, 28 Penn. State, 480; 2 Lomax on Ex. 485; *Rogers' Appeal*, 11 Penn. St. 36; *Matthews v. Brise*, 6 Beavan, 239; *Macdonall v. Harding*, 7 Sim. 5; *Stanley's Appeal*, 8 Penn. St.

We do not mean to affirm, that when the investment is made in the individual name of the trustee, the *cestui que trust* may not follow the fund into the investment. All that we need decide, or do decide in this case, is, that the trustee is guilty of a *devastavit*, at the election of the *cestui que trust*.—*Pennell v. Deffield*, 23 Eng. L. & Eq. 460. It may be admitted, that such investment does not constitute a *devastavit*, until the election of the *cestui que trust* is signified.

De Jarnette v. De Jarnette.

This view would reconcile our position with the argument of the court in *Tompkies v. Reynolds*, 17 Ala. 109, 116.

The decree is affirmed.

JUDGE, J.—In the case of *Beasley and Wife v. Watson*, decided at the June term of this court, 1867, the guardian deposited in the Confederate States "Depository Office," at Eufaula, a sum of money belonging to his ward, to be funded in Confederate States four-per-cent. bonds, and took a certificate of the deposit in his own name as an individual, and not as guardian. On the final settlement, the introduction of this certificate in evidence by the guardian was objected to ; and we held that it was properly admitted, inasmuch as it was competent to show by parol evidence, in connection with the certificate, that the investment had been made with the money of the ward. The question was not distinctly presented, though it may have been covered by the general objection made, that the guardian, by taking the certificate in his own name as an individual, had been guilty of a conversion of the fund, and that on that ground the ward elected to charge him with the amount of it ; and no such question was presented, or argued, in this court. The point decided in that case, in this connection, therefore, was simply this : that it was competent to show by parol with what funds, and for whose benefit, the investment, under the circumstances, was made, which we still think it was clearly competent to do. The decision in the case of *Beasley and Wife v. Watson*, therefore, is not to be taken as an authority against the conclusion attained in the present case, which seems to be sustained by such an overwhelming array of authorities.

WALKER, C. J., and BYRD, J., assent to the explanation above given, in reference to the opinion in the case of *Beasley and Wife v. Watson*.