McELROY ET AL. *vs.* THOMPSON, ADM'R.

[SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Conversion of trust funds by administrator.*—An administrator who mixes the trust funds with his own, and uses them in his business, is chargeable with the value of such funds, at the time of the conversion, or with the profits made by such use, at the election of the *cestuis que trust.*

APPEAL from the Probate Court of Walker.

IN the matter of the final settlement of the accounts and vouchers of Thomas Thompson, (appellee,) as administrator of the estate of J. H. McElroy, deceased, made on the 27th November, 1866; Wm. T. McElroy, a distributee, and F. A. Gamble, administrator *de bonis non* of the estate, contestants. The administrator charged himself with $4,625 25, collected at different times, in Confederate money, on notes given for the purchase of property belonging to the estate; and credited himself with $3,503 00 in Confederate money, leaving a balance in his hands of $1,122 65 in Confederate money. A small portion of the $3,503 00 was used in discharging debts of the estate, and the balance was paid to certain distributees. As the bill of exceptions states, " the administrator, Thompson, admitted in open court, that he had not kept the money he had collected of the assets of said estate, separate and apart from his own, but kept them

in the same pocket-book; that he was purchasing cotton all along during the war, but that he always kept enough Confederate money on hand to pay the estate, or distributees, the amount he had collected." The contestants moved the court to charge the administrator with the value of the Confederate money, alleged to have been collected by him from assets of the estate, and offered to prove the value of said Confederate money, but the court would not allow such proof, and refused to charge the administrator with the value of the Confederate money, and the contestants excepted. There were other questions raised on the record and assigned for error, but as they are not noticed in the opinion of the court, it is thought unnecessary to notice them here.

Wm. S. Ernest, for appellant.
Porter & Martin, contra.

BYRD, J.—I. An administrator who mixes the trust funds with his own, and uses them in his business, must be held chargeable with the value of such funds at the time of the conversion, or with the profits made by such use, at the election of the parties beneficially interested.—DeJarnette v. DeJarnette, 41 Ala. 708.

The court should have charged the appellee upon the evidence set out in the bill of exceptions, with the value of the balance of the Confederate treasury-notes not disbursed or paid to the distributees, at the date of their conversion. Walls, &c. v. Grigsby, in manuscript, January term, 1868.

For this error the decree of the court must be reversed; and as to the other matters excepted to, which have any merit, it is unnecessary to express an opinion, as the evidence on another trial may be materially variant. For it is certainly in the power of the appellee to prove, by his own evidence, or that of witnesses, that he actually received Confederate notes as stated in his account, if it is a fact, and if he does not make such proof to the satisfaction of the court, then the court would be authorized to charge him with the balance of eleven hundred and twenty-two dollars and sixty-five cents, as shown by the record.

We do not intend to intimate that the court should or should not have charged him with it on the evidence. But as he, in his account, charged himself with several sums "collected in Confederate money," and the evidence shows that he mixed it with his own, and used it in his business, the court should, upon the motion made by the appellants, have charged him with the value of it at the date of the intermixture and use.

It will be competent for appellants, on another trial, if the funds were received in Confederate notes, as stated in the account, and were mixed with his own funds and used by him, to introduce evidence to prove their value at the time of such conversion ; and in that event, the appellee will be chargeable with interest on such value from that time.

Reversed and remanded.