## HUTCHINS v. GERRISH.

Authentication of records and judicial proceedings under the Act of Congress of 1790; also, the authentication of foreign records and judgments.

The plaintiff called the defendant as witness-in-chief. Then, to affect his credit and to impeach him, under sec. 15, ch. 209, General Statutes, and sec. 1 of ch. 38 of the Laws of 1871, a record from the municipal court of Boston, Mass., was introduced and admitted to show that the defendant had there been convicted of larceny; but the record was not properly authenticated, to make it admissible as evidence. After verdict for the plaintiff—*Held*, that the verdict should not be set aside, if the proper evidence of authentication of the record used on the trial is furnished to the court; and when thus furnished, that being the only ground of exception, judgment will be rendered on the verdict.

TROVER, by Alpheus Hutchins against Samuel J. Gerrish, for four hundred dollars in United States treasury notes and twenty dollars in ' silver coin, which the plaintiff contended the defendant had stolen from him.

The plaintiff opened his testimony by calling the defendant to the stand and examining him as a witness.

At a subsequent stage of the trial, for the purpose of affecting the credit of the defendant as a witness, the plaintiff offered the record of the conviction of one George Johnson, of the crime of larceny, before the municipal court of Boston, Mass., and of his sentence to the house of correction for four months, claiming that the said George Johnson and the defendant were the same person. In connection with the evidence of identity hereafter recited, the court admitted the record, subject to the defendant's exception, although said record was not authenticated otherwise than by the seal of the said municipal court, and a certificate purporting to be the certificate of the clerk of said court. There was no proof that the signature to the certificate was in the handwriting of the clerk, nor was there any certificate of the judge of said court that the certificate of the clerk was in due form. The record was admitted as *prima facie*, and not as conclusive evidence of the conviction.

As tending to show that George Johnson and the defendant were the same person, Hon. Jacob Benton was permitted (the defendant

excepting) to testify that he visited the house of correction, and inquired of the superintendent thereof for George Johnson; that the superintendent sent a keeper for a prisoner, who returned, having in charge the defendant; that the witness knew him, and conversed with him, and obtained his discharge from confinement, and that the defendant thus discharged came away with him. There was no other evidence concerning the identity of these parties.

With regard to the record of the conviction of George Johnson, the court instructed the jury that it was not to be considered by them as evidence in the case, unless they should find that George Johnson and the defendant were the same person; and if they should so find, still, the fact that the defendant had been convicted of larceny in Massachusetts was not to be considered as evidence at all that he stole the plaintiff's money, but was only to be considered as affecting his credit as a witness.

The jury found a verdict for the plaintiff, which the defendant moved to set aside for error in the rulings aforesaid.

Questions reserved.

*Ray & Drew* and *Bingham,* for the plaintiff.

*Whidden* and *Wm. Heywood,* for the defendant.

SARGENT, J. The constitution of the United States, art. 4, sec. 1, provides that congress may by general laws prescribe the manner in which the acts, records, and proceedings in the several States shall be proved, and the effect thereof.

Congress has enacted—United States Statutes, May 29, 1790—that "the records and judicial proceedings of the courts of any State shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the authentication is in due form." Brightly's Dig. 265; 1 Greenl. Ev., sec. 504.

This record was not proved in that way, for although it had what purported to be a seal and an attestation of the clerk, yet there was wanting the certificate of the judge, chief justice, or presiding magistrate that the authentication was in due form.

It is not enough if the judge certify that the person who attests the copy is the clerk of the court, and that the signature is in his handwriting—*Drummond* v. *Magruder,* 9 Cranch 122; *Craig* v. *Brown,* 1 Pet. C. C. 352; but it must state specifically that the attestation of the clerk is in due form. And the certificate of the presiding judge, being the evidence prescribed by law that this form has been observed, is at once indispensable and conclusive. *Ferguson* v. *Harwood,* 7 Cranch 408; *Tooker* v. *Thompson,* 3 McLean 93.

But it may be said that this provision of the law of congress does not refer to this kind of a record; that the records of justices of the

peace and of courts of limited jurisdiction do not come within this rule,—and that is so to a certain extent. *Warren* v. *Flagg*, 2 Pick. 448; *Robinson* v. *Prescott*, 4 N. H. 450; *Mahurin* v. *Bickford*, 6 N. H. 567; *Thomas* v. *Robinson*, 3 Wend. 267. In many of the cases the question is as to the *effect* of the judgment when proved, rather than as to the form of the proof. But the question here raised is fully discussed in *Taylor* v. *Barron*, 30 N. H. 78–95, where it is held that all records and judicial proceedings of courts are included in the terms and meaning of the act of congress, when the nature of the tribunal would admit of the required proof. A seal was not absolutely necessary. If there was one, it must be used; if there was none, that fact must appear in the clerk's certificate.

But there must be a clerk and a chief justice, a judge or a presiding magistrate. Now, in the case before us, there was a seal and a clerk—the seal and the clerk of a municipal court of Massachusetts. We can hardly understand how there can be a court with a clerk and a seal, which shall not have a judge or presiding magistrate; and if it had either, then the records could be authenticated as required by act of congress, and should have been; and without the certificate of the judge or presiding magistrate, the rest is all of no avail.

The defendant cannot complain of the ruling as to the effect of the judgment after it was introduced, that it should be only *prima facie* and not conclusive evidence of his conviction; but what he has reason to complain of is, that the record was introduced at all without proper authentication.

But, suppose it were held that the record or proceedings of this court were not such as to be proved in this way: that does not help the plaintiff, but is rather against him. If it is not such a record as may thus be authenticated under the act of congress, it must stand upon the ground of a record from a foreign State or government (*Mahurin* v. *Bickford*, 6 N. H. 567), where the proof is still more difficult. The form of the proof in these cases is stated in *Mahurin* v. *Bickford, supra*, and in *Church* v. *Hubbart*, 2 Cranch 238, by MARSHALL, C. J., as being,—" 1. By an exemplification under the great seal. 2. By a copy, proved to be a true copy. 3. By the certificate of an officer, authorized by law, which certificate must itself be properly authenticated." Now it will be readily seen that the requirements of neither one of these three modes of proof were answered in this case.

The seal of a municipal court in Massachusetts does not prove itself in another State, nor is the clerk of such court an officer known in any other State as a proper certifying officer. The rule for proving such judgments, " by a copy proved to be a true copy," is stated in 1 Greenl. Ev., sec. 508. If a witness had been produced before the court at this trial, who had compared this copy with the original record in the proper court, or place for the records of the court, that would have been sufficient. But Mr. Greenleaf says, that in such case it should appear that " the record from which the copy was taken was found in the proper place of deposit, or in the hands of the officer in whose

custody the records of the court are kept; and this cannot be shown by any light reflected from the record itself, which may have been improperly placed where it was found. Nothing can be borrowed *ex visceribus judicii* until the original is proved to have come from the proper court."

But there is no claim or pretence, in this case, that there was not a judge or presiding magistrate of this municipal court in Massachusetts, who could have made the certificate which the act of congress requires, viz., that the authentication was in due form, if such was the fact. The record was therefore not so authenticated as to make it competent evidence for any purpose.

The record, if properly authenticated, might have been properly used under our statute—ch. 38, sec. 1, of the Laws of 1871—which is general, authorizing the record of conviction to be used in all cases to affect the credit of a witness ; and, by ch. 209, sec. 15, Gen. Stats., it is provided that when one uses the opposite party as a witness, whether the nominal or real party, " he is not thereby to be precluded from cross-examining, contradicting, or impeaching him." This is one way of impeaching a witness, and would be entirely proper if the record had been properly authenticated.

We think the evidence of identification was sufficient. Benton states that he knew him and conversed with him when he first saw him in the house of correction : that is the form of expression, which implies necessarily that he had known him before ; and, so far as the case shows, it is not certain which was his true name. But there was clearly such evidence as that the jury may properly have found the two names to belong to one person. *Dickinson* v. *Lovell*, 35 N. H. 9, 17, and 18.

The question then arises, whether this defect in the proof is necessarily a cause for setting aside this verdict; or, may this additional certificate now be furnished, so as to make the evidence just what it should have been in the first place ? and, when the court can see that this defect is supplied and the evidence made fully competent, may judgment be ordered on the verdict ?

The evidence which was wanting was evidence addressed to the court and not to the jury. The evidence went to the jury as though the record were competent ; and they have passed upon the facts as though the record were properly authenticated. Now if this record was, in fact, a proper record, and the certificate of the judge or the presiding magistrate of said court can now be obtained to that identical copy, that the authentication is in due form, &c., in a way to comply fully with the requirements of the law of congress, what occasion is there to go through the form of another trial, and submit precisely the same evidence to the jury as before, with a view to a settlement of the facts in this case? We see none.

In *Stevenson* v. *Mudgett*, 10 N. H. 338, 342, it was held that the proof might be furnished to the court, after verdict, of the delivery of the discharge to the witness before he testified, and that, upon such

proof being made to the court, judgment might be rendered on the verdict.

So, in *Whittier* v. *Varney*, 10 N. H. 304, it was held that the return of an officer upon an extent, which was introduced in evidence, may be amended after verdict without setting aside the verdict, as the sufficiency of the return was for the court and not for the jury, especially when the amendments are not of a nature to affect the finding of the jury. The principle of that case fully covers this case. *Rand* v. *Dodge*, 17 N. H. 343, 355. *Jaquith* v. *Putney*, 48 N. H. 138, is a strong case in point, as also *Janvrin* v. *Fogg*, 49 N. H. 340, and cases on page 357.

The order in this case will therefore be, that if, at the next trial term in the southern judicial district of Coös county, the plaintiff supplies to the copy of the record, which was used on the trial of this cause, the certificate of the judge, chief justice, or presiding magistrate of the said municipal court, so that this court can see that the copy is made fully competent as evidence, under the act of congress before referred to, then judgment will be rendered on the verdict ; otherwise,

*Verdict set aside.*