# Glass *v.* Glass.

*Bill in Equity by Infant, for relief against Fraudulent Probate Decree on Settlement of Guardian's Accounts.*

1. *Annulling void judgment or decree.*—All courts possess the inherent power to vacate, on motion, within a reasonable time, any judgment or order which is on its face void, or so grossly irregular as not to reach the ends which the record shows were aimed at; and if the judgment or order is not void on its face, notice of the motion to vacate should be given.

2. *Infant's power of attorney.*—An infant can not have an attorney in fact, a power of attorney executed by him being absolutely void.

3. *Guardian ad litem for infant, and his attorney at law; authority to enter satisfaction of decree.*—Neither the guardian *ad litem* of an infant, nor an attorney at law employed by him to protect the interests of the infant, has authority to receipt for or enter satisfaction of a judgment or decree recovered for the infant.

4. *Same; remedy against entry of satisfaction.*—When a guardian *ad litem* for an infant, "as attorney in fact and of record for said minor,

[Glass v. Glass.]

acknowledges in open court satisfaction of " a decree rendered in favor of the infant, " possibly the entry of satisfaction may be treated as a nullity, and execution sued out on the decree notwithstanding such entry; but, for the sake of regularity, it would be more seemly to have the order vacated, and, possibly, a revivor of the decree, before suing out execution."

5. *Settlement of guardian's accounts during minority of ward.*—A settlement of his accounts by a guardian, made or instituted during the minority of the ward, and before the guardian has resigned, is void.

6. *Amendment of bill ; when not allowed.*—When a bill seeks to set aside an entry of satisfaction of a decree rendered in favor of the complainant, by his guardian *ad litem*, on final settlement of his guardian's accounts, on the ground that the decree and entry of satisfaction were the result of a fraudulent combination between the guardian *ad litem* and the guardian; and shows that the decree is void, it can not, by amendment, be converted into a bill to compel a settlement of the guardian's accounts.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 7th August, 1883, by William B. Glass, against his late guardian, Williamson Glass ; and sought relief against a decree rendered by the Probate Court of Marengo, on the 14th January, 1878, which purported to be on final settlement of said guardian's accounts. The material parts of the decree are stated in the opinion of the court. The prayer of the bill was in these words : " Orator prays your Honor to take jurisdiction of the matters herein complained of, and to make a decree correcting the errors of law and of fact which occurred in the settlement of said Williamson Glass as guardian of the estate of said William B. and Samuel G. Glass, on the 14th January, 1878, in Marengo Probate Court, and make such further orders and decrees as may be necessary to have the decree on such final settlement, when corrected, properly enforced and executed ; and orator will pray for such other, further, and general relief, as he may be entitled to in equity and good conscience." The defendant demurred to the bill, on the ground (with others) that the complainant had a complete and adequate remedy at law. The chancellor overruled the demurrer, and his decree is now assigned as error.

WM. H. TAYLOE, for appellant, cited *Ware v. Cartledge*, 24 Ala. 622 ; *Hatchett v. Billingslea*, 65 Ala. 16 ; Freeman on Judgments, § 497 ; 46 Geo. 396.

E. McCAA, *contra*, cited *Boswell v. Townsend*, 57 Ala. 308 ; *Bowden v. Perdue*, 59 Ala. 409.

STONE, C. J.—Williamson Glass, as guardian of William B. and Samuel G. Glass, came to a settlement of his said

24

guardianship in Marengo Probate Court. The wards were then minors, as is shown by recitals in the decree, confirmed by the fact that Levi W. Reeves was appointed and acted for them as their guardian *ad litem* in making the settlement. If they had not been minors, as the record affirms they were, they could not have been represented by a guardian *ad litem*. In the decree is found this language: "It is further ordered, adjudged and decreed, that the said William B. and Samuel G. Glass, minors, by their said guardian *ad litem*, L. W. Reeves, have and recover of said Williamson Glass, as such guardian aforesaid, the sum of eight hundred and fifty-three and 33-100 dollars, due to the said minors jointly, as herein before ascertained; for which execution may accordingly issue. But now comes the said Levi W. Reeves, attorney in fact and of record for said minors, and acknowledges in open court full satisfaction of said decree, in favor of said minors. It is therefore ordered, that no execution ever issue for the said amount. And the said Williamson Glass having filed his resignation as guardian of said minors, it is ordered and decreed, that the same be received and recorded, and that the said Williamson Glass be discharged from further accountability as such guardian, to this court."

William B. Glass filed the present bill, in which he alleges that Samuel G. Glass has died during his minority, leaving no debts, and leaving the said William B., his brother, his only next of kin, and, as such, successor to his interests in the estate. The bill further alleges, that the said Williamson Glass made no payment to the said Reeves, and that the said entry of satisfaction was the result of a fraudulent combination between the said Williamson and said Reeves. There was a demurrer to the bill, assigning, among other grounds, that complainant had an adequate remedy at law. The chancellor overruled the demurrer, and from that ruling the present appeal is prosecuted.

If this case is to rest alone on the attempt it makes to have the order of satisfaction vacated, we think the complainant had an adequate remedy at law. All courts possess the inherent power to vacate, within a reasonable time, any order they may have made, which is on its face void, or so grossly irregular as not to reach the ends which the record shows were aimed at. Such correction is made, on motion, in the court where the judgment is rendered: and there should be notice of such motion, unless the judgment or order is void on its face. 2 Brick. Dig. 140, § 137; *Pitt v. Davison*, 37 Barb. 97; *Critchfield v. Porter*, 3 Ohio, 518; *Huntington v. Finch*, 3 Ohio St. 445; *Reynolds v. Stansbury*, 20 Ohio St. 344; *Newland v. Gentry*, 18 B. Monroe, 666; *Stacker v. Cooper Cir. Ct.*, 25 Mo. 401; *Morgan Harbor v. Pac. R. R. Co.*, 32 Mo.

[Glass v. Glass.]

423; *Union Bank v. Crittendon*, 2 Cranch, C. C. 238. See, also, *Lee v. Houston*, 20 Ala. 301; *Hatchett v. Billingslea*, 65 Ala. 16; *Larkin v. Mason*, 71 Ala. 227; Code of 1876, § 3172.

Reeves, the guardian *ad litem*, is described in the judgment-entry of the Probate Court, as the attorney in fact of the infant wards. Infants, or minors, can not have an attorney in fact. A power of attorney made by an infant is absolutely void.— *Ware v. Cartledge*, 24 Ala. 622; *Philpot v. Bingham*, 55 Ala. 435; Tyler on Infancy, 46–7. Reeves could not be the attorney in fact of the infants; nor, indeed, was he their appointed attorney in any sense. Guardians *ad litem* may employ attorneys, if the interests of the trust require; but neither such attorney, nor the guardian *ad litem*, has authority to receipt for, or satisfy the judgment that may be recovered for a minor represented by them. Possibly, the entry of satisfaction may be treated as a nullity, and execution sued out, notwithstanding such entry. For regularity's sake, however, it would be better and more seemly, to have the order vacated, and possibly a revivor, before execution is sued out.—Code of 1876, § 3174.

There is another aspect to the question this record develops. When Williamson Glass attempted to settle his guardianship, the wards were under age. He had no authority to settle with them during their minority, nor to take any steps looking to a settlement, until he first dissolved the trust connection by resigning his guardianship. A settlement, made or instituted before such resignation, is without the jurisdiction of the Probate Court, and is void.—*Lee v. Lee*, 67 Ala. 406. The record in this cause does not positively show when the resignation was filed with the judge of probate. If after steps had been taken looking to a settlement, then what was done in the Probate Court was a nullity, and the trust remains for settlement, precisely as if no attempt thereto had been made. If the facts be thus, then the guardian can be brought to a settlement, either in the Probate or Chancery Court, at the option of the ward. If the resignation preceded all steps taken in the settlement, then complainant's redress is solely in the Probate Court.

We have scanned the bill in this case with care, with a view of determining whether it can be so amended, as to make it a bill to bring Williamson Glass, guardian, to a settlement of his guardianship. We are satisfied that such alteration would work such a radical change, both in the averments and in the relief prayed, that it can not be allowed.—*Lehman v. Meyer*, 67 Ala. 396; *Jones v. Reese*, 65 Ala. 134; *Scott v. Ware*, 64 Ala. 174.

The present bill contains no equity, and the demurrer to it

[Manhattan Fire Insurance Co. v. Fowler & Co.]

should have been sustained. But, inasmuch as the complainant may be entitled to equitable relief, it is ordered and decreed, that the complainant's bill be dismissed at his costs, but without prejudice to his filing another bill, as he may be advised.