# Glass v. Glass.

*Citation of Guardian by former Ward to Final Settlement of Guardianship.*

1. *Final settlement of guardian's accounts; when Probate Court has not jurisdiction.*—The Probate Court has no jurisdiction to make a final settlement of a guardian's accounts during the minority of the ward, and while the legal relation between them still exists.

2. *Same; (this case).*—Where the record shows that the guardian's accounts for final settlement were filed on the 14th November, and his resignation filed on the 14th January afterwards, on which day also a final settlement of his accounts was made with the court, the settlement is void, and can not be supported on the principle of retrospective relation.

APPEAL from the Probate Court of Marengo.

Heard before Hon. JAMES W. TAYLOR.

On 9th March, 1885, William B. Glass, for himself, and as administrator of the estate of Samuel T. Glass, his brother, a minor, recently deceased in the State of Texas, filed his petition in the Probate Court of Marengo county, averring that Williamson Glass, who was the guardian of petitioner during his infancy and of said Samuel T. Glass during his life-time, had never made a final settlement of his guardianship of his said wards, William and Samuel T. Glass; and prayed that the said Williamson Glass be cited to produce his accounts and vouchers in order that such final settlement might be had. Citation having accordingly issued, on the hearing, the said Williamson Glass introduced the record of a decree rendered by the Probate Court of Marengo on the 14th January, 1878, which purported to be a final settlement of his accounts as guardian, and which contained the following language: "It is further ordered, adjudged and decreed that the said William B. and Samuel T. Glass, minors, by their said guardian *ad litem*, L. W. Reeves, have and recover of said Williamson Glass, as such guardian aforesaid, the sum of eight hundred and fifty-three and 33-100 dollars, due to the said minors jointly, as herein before ascertained; for which execution may accordingly issue. But now comes the said Levi W. Reeves, attorney in fact and of record for said minors, and acknowledges in open court full satisfaction of said decree, in favor of said minors. It is therefore ordered, that no execution ever issue for the said amount. And the said Williamson Glass having filed his resignation as guar-

16

dian of said minors, it is ordered and decreed, that the same be received and recorded, and that the said Williamson Glass be discharged from further accountability as such guardian, to this court." "Thereupon," as recited in the bill of exceptions, "the said William B. Glass, individually, and as administrator of the said S. T. Glass, deceased, offered in evidence the whole record in the matter of the guardianship of Williamson Glass." Among the papers introduced was the account for final settlement filed by the said Williamson Glass and endorsed : "Filed Nov. 12, '77," and his resignation as guardian, dated "Linden, Jan'y 14, 1878." To the introduction of this account the said Williamson Glass objected ; and here assigns the overruling of his objection, with other adverse rulings of the court, as error.

W. H. TAYLOE, for appellant.

TOULMIN, TAYLOR & PRINCE, contra.

SOMERVILLE, J.—When this case was before us at the last term, we decided that a settlement of accounts by a guardian, made during the minority of the ward, and without a previous resignation of the guardian, or other lawful termination of the relationship, was void for want of jurisdiction of the Probate Court in which the proceedings were had.—*Glass v. Glass*, 76 Ala. 368 ; *Lewis v. Allred*, 57 Ala. 628 ; *Lee v. Lee*, 67 Ala. 406.

The manner in which a guardian is authorized to resign is clearly stated in the statute. His resignation is required to be in writing, subscribed by him, and filed in the court from which his letters of guardianship issued. This becomes a court paper and is required to be entered of record.—Code, 1876, § 2768.

The record in this cause shows that the guardian's account for a final settlement was filed on November 12, 1877, or more than two months before the date of his resignation, which was January 14, 1878. The final settlement was made on the date of his resignation, and not until then. This could not operate retrospectively by relation to confer jurisdiction from the date when the Probate Court undertook to assume such jurisdiction.

The action of the Probate Court in declaring this settlement void, and in compelling the appellant to another settlement, was free from error, as are also the other rulings of the court which are assigned for error.

Affirmed.