# Matthews *et al. v.* Mauldin *et al.*

*Bill by Wards against Guardian and Sureties of Bond to Compel Settlement.*

1. *Guardian and ward; jurisdiction of probate courts and of chancery courts.*—The jurisdiction of the probate courts and courts of chancery are concurrent in matters of guardianship, and the ward has an unqualified right of electing the forum in which he will seek a settlement of the guardianship.

2. *Same; when final settlement in probate court void.*—When final settlement made in the probate court by a guardian before his resignation or removal, and during the minority of the ward, is void for want of jurisdiction of said court.

3. *Liability of different sets of sureties on guardian's bond.*—A bill by a ward against the guardian and several sets of sureties on his bond is not bad on the ground for misjoinder, and multifariousness.

4. *Same; execution of bond.*—A guardian's bond executed by the bondsmen and not by the guardian is good as a common law liability.

5. *Same; liability of sureties on the first bond.*—The sureties on the old bond of the guardian are liable for any *devastavit* prior to their release on the approval of the new bond.

6. *Same; liability of new bondsmen.*—The sureties on a new bond of a guardian are liable on said bond for misappropriations by the guardian before the making of a new bond upon the ground of the guardian's obligation to make a true account.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. W. L. PARKS.

This was a bill in equity filed by Whiteford Mauldin and Mary Mauldin, minors, by their guardian and next friend, L. C. Mauldin, against W. G. Matthews, S. M. Blackmon, W. B. Sanders, R. F. Harper, J. N. Mosely, Jasper Garner, J. N. Sandsbury, D. G. May and W. R. Painter, for the purpose of bringing Matthews, their guardian, to a settlement. The bill alleged that the complainants were minors , and that Matthews on the 10th day of May, 1893, had been appointed by the probate

judge of Dale county, their guardian and that he had given bond in a certain amount with the respondents, Blackmon, Sanders, Harper, Mosley, Garner and Sandsbury, as sureties. That on the 2nd of June thereafter, Blackmon filed a petition in said probate court against Matthews, praying that Matthews give a new bond, and that the said Matthews on the 3d day of July next thereafter filed a bond which was approved by the probate court, said bond being executed by D. G. May, W. R. Painter, and J. N. Sandsbury as sureties, Matthews himself not signing the same; that there was no order of the probate court discharging said first bondsmen; that thereafter the probate court of Dale county ordered Matthews to give a new bond and to make a final settlement and upon the said Matthews' failure to come in court, the court proceeded to state the account, and rendered a decree for a certain amount in favor of the complainants, and also reciting in said decree that the said Matthews was removed as such guardian for having failed to make bond.

Painter, surety on the second bond, demurred to said bill on the ground that the bill failed to show that the principal, Matthews, signed said bond; that said bond was multifarious, and that there was an improper joinder of parties respondent. He also moved to dismiss said bill for want of equity. The court overruled said demurrers and motion.

The said Blackmon, Sanders and Harper, demurred to said bill on the grounds that said bill was multifarious; that there was improper joinder of party respondents; that the bill showed that they had been discharged by the taking and making of a new bond; and that said cause against them was barred by the statute of limitations. They also moved to dismiss said bill for want of equity. The court also overruled these demurrers and motion. The respondents above named then filed answers setting up substantially the same points as raised by demurrer and that the probate court had discharged the said Matthews, their principal from further liability, and that the chancery court had no jurisdiction to bring the said guardian to a settlement.

The facts shown by the evidence in the case are substantially as averred in the bill.

Upon the final hearing on the pleadings and proof, a decree was rendered, granting the relief prayed for in the bill. Defendants appeal and assign as error said final decree and the rulings upon said demurrers and motions.

SOLLIE & KIRKLAND, for appellant.—Surety is a promise to answer for the debt, default or miscarriage of another.—*State v. Parker*, 72 Ala. 181.

For the obligee to accept a bond and approve it where the principal has not signed it, he thereby permits a fraud on the surety and they are not bound.—*Board of Education v. Sweeney*, 48 N. W. Rep. 302; *Penn v. Hamilton*, 27 Grat. Va. Rep. 337; *Ward v. Churn*, 18 Grat. Va. Rep. 802; 8 Am. Dec. 749; *Hall v. Parker*, 37 Mich. 590; *State Bank v. Evans*, 15 N. J. L. 155; *People v. Stacy*, 74 Cal. 273; *Oldham v. Brown*, 28 Ohio 41.

There must be an order of the probate court discharging the old bondsmen before they are relieved of liability.—*Hamner v. Mason*, 24 Ala. 480; *Jones v. Ritter's Admr.*, 56 Ala. 280.

The money having been converted to the guardian's own use before this appellant signed the bond. Appellant not liable.—*Henderson v. Henderson*, 58 Ala. 582; *May v. Duke*, 61 Ala. 63.

WORTHY, GARDENER & J. E. ACHER, for other appellants.—Wards must make an election of which sets of sureties they should proceed against.—*Lee v. Lee*, 67 Ala. 406; *Field v. Graves*, 68 Ala. 17. Where a new bond is given and the old bond having been relieved, the new bond is liable for misappropriation of the wards, funds before it was given.—*Foster v. Wise*, 46 Ohio St. 20; *Pinkerstaff v. People*, 59 Ill. 148; *Bobo v. Vaiden*, 20 S. C. 271; *Morris v. Morris*, 9 Hik. 814; *Schofield v. Churchhill*, 77 N. Y. 565; *State v. Burning*, 74 Mo. 87; *Phillips v. Brazel*, 14 Ala. 746; see also *Russell v. McDougall*, 3 S. Marsh Rep. 234; *Governor v. Robbins*, 7 Ala. 49;

[Matthews *et al.* v. Mauldin *et al.*]

*Steal v. Graves,* 68 Ala. 17; *Lovelass v. Hutchinson,* 106 Ala. 417.

FOSTER, SAMFORD & CARROLL, *contra.*—Wards have a right to bring their guardian and their sureties on his bond to a settlement in the chancery court.—*Haley v. Boyd,* 64 Ala. 401. A settlement of a guardian is void when made before he resigns or is removed.—*Glass v. Glass,* 76 Ala. 371; *Glass v. Glass,* 80 Ala. 242; *Lee v. Lee,* 67 Ala. 418; *Lewis v. Lewis,* 57 Ala. 630. It is both proper and important that the sureties on the two bonds should be brought in together in one suit.—*Self v. Blount Co.,* 27 South. 554; *Dallas County v. Timberlake,* 54 Ala. 403.

The second bondsmen of a guardian are liable for funds of the ward converted to the guardian's own use before the taking and approval of the second bond.— *Whitworth v. Oliver,* 39 Ala. 293; *Motawell v. Hudson,* 80 Ala. 268.

ANDERSON, J.—The complainants, minors, filed their bill by next friend, against their guardian and two sets of sureties on his official bonds for the purpose of bringing the said guardian, to a settlement.

The jurisdiction of the probate court and the court of chancery are concurrent in matters of guardianship, and the ward has an unqualified right of electing the forum in which he will seek a settlement.—*Haley v. Boyd,* 64 Ala. 399. And a final settlement made in the probate court by the guardian before his resignation or removal and during the minority of his ward, is void for want of jurisdiction of the probate court.—*Glass v. Glass,* 80 Ala. 241; *Glass v. Glass,* 76 Ala. 368; *Lewis v. Alred,* 57 Ala. 628; *Lee v. Lee,* 67 Ala. 406.

A bill by a ward against the guardian and several sets of sureties on his official bonds, is not liable to objection on ground of misjoinder, multifariousness and want of equity, and the demurrers were properly overruled by the chancellor.—*Dallas County v. Timberlake,* 54 Ala. 403.

When one of the sureties filed his application, under the statute, for release from the old bond, the guardian

was ordered to make a new bond and it appears that the new one was signed by Painter, et al., but that it was never executed by the principal, Matthews. If the bond was not executed by the principal, which fact is undisputed, it is not a statutory bond and did not authorize the issuance of execution under the statute. The bond, however, is good under § 2282 of the Code of 1896 as a common law liability.—*Painter v. Mauldin,* 119 Ala. 88.

The sureties on the old bond are liable for any *devastavit* prior to their release, and which could not have been sooner than the approval of the new bond, as to any of them.—§ 2280, Code, 1896. The uncontroverted evidence established the fact, that the conversion of the trust fund was long before the execution, by the sureties of the new bond. Matthews testified that he used $100.00 of the fund as soon as he got it to pay a debt that he owed and deposited the balance with the "Dowling Company" to his individual credit; that it is not now on deposit and that he never used any of the money for the use of his wards. This was clearly a conversion and fastened the liability on the sureties on the old bond. *Henderson v. Henderson,* 58 Ala. 582; *DeJarnett v. DeJarnett,* 41 Ala. 708; *McLeroy v. Thompson,* 42 Ala. 656.

The misappropriation having taken- place, long before the making of the new bond, the next question presented for our consideration is; are the sureties on the new bond liable? The authorities upon this subject are not entirely harmonious. The prevailing rule, however, and the one to which we adhere, holds them liable, upon the ground of the guardian's obligation to make true account.—15 Am. & Eng. Ency. Law, p. 119 and cases cited in note 4; *Whitworth v. Oliver,* 39 Ala. 293; *Modowell v. Hudson,* 80 Ala. 268; *Lee v. Lee,* 67 Ala. 406.

The decree of the chancellor is affirmed.

McCLELLAN, C. J., TYSON, and SIMPSON, J.J., concurring.