## WHEN A FORMER ADJUDICATION WORKS AN ESTOPPEL.

Circuit Court of Cuyahoga County.

EDWARD POKRANDT, ADMINISTRATOR, v. FERDINAND KONORSKI ET AL.

Decided, May 8, 1911.

*Revivor of Action—Notice Presumed—Former Adjudication Must be Pleaded.*

1. When the record discloses nothing either way about notice to or consent of a defendant to the revivor of an action against him, jurisdiction of his person upon which to base a default judgment against him will be presumed.

2. In order that a former adjudication may work an estoppel, it must be pleaded.

*Robert E. McKisson,* for plaintiff in error.

*H. H. Anderson* and *T. Truhlar,* contra.

HENRY, J.; JONES, J., and DUSTIN, J. (sitting in places of Judges Winch and Marvin), concur.

Konorski's answer and cross-petition directly attacks the validity of the judgment which was obtained by Pokrandt, as administrator, in a previous action in the court of common pleas and upon which the action below was founded. It alleges that in said prior action, after the death of the plaintiff therein and the appointment of Pokrandt as the administrator of his estate, a revivor of the action was held without either the consent of, or notice to, the defendant, as provided by statute, and that subsequently a default judgment was rendered by the court without any jurisdiction of the person of the defendant in the action as revived.

The plaintiff's reply to this answer and cross-petition is a general denial merely.

Upon the issue thus joined the defendant first produced his evidence, the first item of which was the record of the prior action. This record disclosed nothing either way about notice to or the consent of the defendant to the revivor had therein. It

must therefore be presumed that the court had jurisdiction of the person of the defendant at the time the default judgment was rendered.    *Reynolds* v. *Stansbury,* 20 O. S., 344.

The record of the prior action further disclosed that after the default judgment was rendered the defendant interposed a motion to set it aside upon the same grounds as he asserts by his answer and cross-petition now.    That motion was denied and it is contended that the matter then became *res adjudicata.*    It is held, however, in *Meiss* v. *Gill,* 44 O. S., 253:

"When a party claims a former adjudication of matter set up in an action to be an estoppel, such judgment should be pleaded; and where the same is not pleaded when it can be, it is not evidence conclusive of an estoppel and testimony may. be given to show the truth."

As already stated, the reply contains no averment of the prior adjudication.    The court below, therefore, properly admitted parol testimony of the absence of notice to or consent by the defendant to the revivor in the prior action, and decided that no jurisdiction of the person of the defendant was acquired.    Judgment was rendered against the plaintiff below upon the ground that the default judgment in the prior action was without validity and afforded no foundation for the new action.    Having read the bill of exceptions, we think this finding was correct, and perceiving no error in the record before us, we affirm the judgment below.