## HAMNER, Adm'r, *vs.* MASON et al.

1. Under the statute authorizing the discharge of the sureties of a guardian (Clay's Digest 221 § 5, 222 § 7 ), the taking of a new bond is a jurisdictional fact, necessary to appear in order to give validity to the discharge ; but the existence of this fact is to be determined by the judge to whom the application is made, and his decision is final and conclusive, and cannot be contradicted.

2. Therefore, where the sureties of a guardian of several minors applied for a discharge from all further liability on their bond, and a decree was thereupon rendered by the court, in which it was recited that the guardian had' given a new bond, and ordered that the old sureties be discharged from all further liability : *Held*, in an action against the sureties on the old bond, that the recital in the decree was conclusive of the fact that a new bond had been given, although the name of the minor for whose use the suit was brought was entirely omitted from the new bond, which did not therefore protect his estate.

3. An execution cannot issue under the statute (Clay's Digest 305 § 45) against the sureties of a guardian, on a decree of the Orphans' Court, against the principal, embracing some items which accrued after their discharge.

Appeal from the Court of Probate of Wilcox.

George W. Hamner, as the administrator of Benjamin Williamson, Jr., obtained a decree in the Court of Probate of Wilcox, on the 13th of December, 1850, for $3265 09, against Benjamin Williamson, as guardian of his said intestate ; on this decree an execution was issued, and returned " no property found," and thereupon another execution was issued under the statute, against the appellees, as the sureties of said guardian on his official bond. The appellees filed a petition for a *supersedeas* of this execution, alleging that they became the sureties of said Benjamin Williamson on the 24th of September, 1840, on his bond as guardian of Benjamin Williamson Jr., Sarah Williamson, Mary Jane Williamson, and Richard Williamson, who were minor children of Richard Williamson, deceased ; that they made application to the Orphans' Court, on the 24th of February, 1842, to be discharged from all further liability on their bond ; that upon this application a decree was rendered by said court (which is set out at length in the petition, and for

Hamner, adm'r, v. Mason et al.

which see the opinion), discharging them from all further liability on said bond; that said decree, on which the execution sought to be superseded was issued, was rendered on a final settlement of said Williamson's guardianship of said Benjamin Williamson Jr., which included all the estate of said ward received by his said guardian after the appellees' said discharge in 1842, and that no liability prior to that time against the guardian was ascertained by the said decree or settlement.

On the trial of the *supersedeas*, which was had by consent before the judge, the alleged application by the appellees to be discharged from all further liability on their bond was admitted, and the decree of the court discharging them was offered in evidence. The appellant then proved, that the new bond referred to in said decree did not include the name of said Benjamin Williamson Jr. and Mary Jane Williamson, but was the bond of said Williamson as the guardian of the other minors. Upon this evidence the court ruled, that said decree discharged the appellees notwithstanding the omission to include in the new bond the names of said Benjamin Williamson Jr. and Mary Jane Williamson ; to which ruling of the court the appellant excepted, and he now assigns it for error.

WATTS, JUDGE & JACKSON, for appellant :

1. The Probate Court is a court of limited and special jurisdiction, and can do no act unless authorized by the Legislature; and the statute authorizing its action must be strictly pursued. All the facts necessary to give it jurisdiction must be distinctly and affirmatively set forth in the record.—See Talliaferro, adm'r, v. Thompson, 3 Ala. 670 ; Griffin v. Griffin, 3 Ala. 623 ; Blann v. Grant, adm'r, 6 Ala. 110 ; Dakers v. Hudson, 6 Cowen 224 ; Thatcher v. Powell, 6 Wheaton 119 ; Bishop's Heirs v. Hampton, 19 Ala. 761.

2. The statute (Clay's Digest 221 § 5) directs the Probate Court to order executors and guardians to give further security on complaint of their sureties or their representatives, and section seven gives the power to the judge, when new securities shall be " ordered and taken," to discharge the original securities. Now, independent of this clause of the statute, it is not pretended that the judge of the Orphans' Court had the power to discharge the securities from the obligations of their contract.

3. The condition of a guardian's bond (Clay's Digest, p. 221 § 3) shows what is the extent and terms of the contract entered into by every guardian and his securities. The judge of the Orphans' Court had no right to alter this contract, except on the terms of the 7th section of the acts in Clay's Digest, p. 222, above referred to, and this must be strictly pursued.

4. The record here shows, that no new security was taken from the guardian; and the judge of the Orphans' Court was not authorized to discharge the old securities until the new security was taken—not only ordered, but " taken." The order of discharge was, therefore, without the jurisdiction of the court, and was therefore void. There are three things which must appear on the record, before the court can undertake to render a decree discharging the old securities : 1st, there must be complaint by the old securities to the judge; 2nd, an order for new security ; and, 3rd, the new security must be taken ; all these things are essential to give jurisdiction ; no one of them can be left out ; each is as essential as the other. Now, could the court discharge the securities without a complaint on their part ? Could the court discharge without having ordered new or further security to be given ? Certainly not. How then can the judge grant the discharge without the new security being taken—the most essential ground upon which the right of the judge to discharge rests ?

5. But it is said, that the entry of the judge shows that the new security was given—" taken," in the language of the statute. We insist, that the whole record of the Orphans' Court, in reference to this matter, must be looked to. The bond which was actually given is a part of the record, as much so as the judgment entry ; and this shows that no new or further security for one of the wards of the guardian was taken. As to him, therefore, the case stands as though no bond whatever was given. Suppose no new bond whatever had been taken by the judge, could it be said, that his decree of discharge would be otherwise than void ? In legal contemplation, no new bond was given, so far as the present plaintiff is concerned. The entry of the judge does not necessarily come in conflict with the other parts of the record ; it only shows that a new bond for the minor heirs of the estate of Williamson was given. But the judgment entry refers to the bond which was actually given,

Hamner, adm'r, v. Mason et al.

gives the date, the amount, the name of the securities, &c., so as to make it a part of the record, even if it were not so by the general provisions of law, requiring all such documents to be placed upon record as a part of the record and proceedings of each guardianship.

6. If these positions are not strictly correct, see to what consequences the contrary propositions would lead. The patrimony of the ward has been squandered by an improvident guardian ; the security on the first bond has been discharged from all liability, and no new security is given for the ward's estate.

7. Suppose the judgment entry had set out, *in extenso*, what the whole record when looked to shows ; it would have shown, that on a particular day, the old securities had made complaint, that the judge had ordered new security, and that the guardian had appeared and given a new bond with security for two of the heirs or wards only ; and that, thereupon, the court entered a decree discharging the old securities from all further liability on their bond. It could not, under this sort of entry, have been contended that they were discharged from liability to the ward not included in the new bond. And is not this the actual state of the record in legal contemplation ?

ELMORE & YANCEY, *contra :*

1. The judgment of a court of competent jurisdiction is conclusive of the subject-matter of the judgment, and of all the legal consequences of the judgment.—1 Green. Ev. §§ 525, 528, 538, 19 ; Sims and Wife v. Slocum, 3 Cranch 300.

2. When the court is of limited jurisdiction, or of general jurisdiction with a new and special jurisdiction given by statute, the record must show the facts on which the jurisdiction is exercised ; and when these appear in the record, it is conclusive, and cannot be contradicted.—Brittain v. Kinnaird, 1 Brod. & Bing. 432 ; Mather v. Hood, 8 Johns. 36 ; Martin v. Mott, 12 Wheat. 19 ; Stuyvesant v. The Mayor of New York, 7 Cowen 606 ; Betts v. Bagley, 12 Pick. 582 ; Lewis v. Intendant &c., 7 Ala. 85. And this holds true, even where the proceeding is an *ex parte* one.—Mather v. Hood, *supra* ; 7 Ala. 85, *supra*.

3. The new bond given is not recited, nor referred to in the

judgment, so as to make it a part of the record of the cause.—
Bates v. Planters and Merchants' Bank, 8 Porter 99; *ib.* 104 ;
Lightfoot v. Bank of Decatur, 2 Ala. 345 ; 5 *ib.* 295. In
these cases the proceedings were to revise judgments by writs
of error ; and the court held, that they would not look to notices
or other papers sent up with the transcript, either to reverse
or sustain a judgment, unless they were so recited or referred to
in the judgment entry as to make them part of it.

4. The new bond given is no part of the record in this case :
it is not made so by statute. It may be a part of the record
of the guardianship of Williamson ; but this proceeding is no
part of that guardianship : it is aside from it, and independent
of it, although growing out of the fact that the applicants were
the sureties of the guardian.

GOLDTHWAITE, J.—The record shows, that the appel-
lees were sureties on the bond of Benjamin Williamson as guar-
dian of Benjamin Williamson Jr. and others, who were minor
children and heirs of Richard Williamson ; and that on the
24th of February, 1842, they applied to the judge of the
Orphans' Court to be discharged from the bond ; that at a
regular term of the Orphans' Court, on the 24th of March,
1842, the following decree was made : " Estate of Richard
Williamson, deceased. This day came Benjamin Williamson,
guardian of the minor heirs of said estate, and executed a new
bond, with Robert H. Williamson, Ferrin Baldwin, and L. W.
Mason, as his securities as such guardian for the faithful per-
formance of the duties required of him by law, in the sum of
fourteen thousand dollars ; which bond is approved by the
court. Ordered by the court, that the former securities be
discharged from all further liability." The evidence, on the
trial, showed conclusively that, in the new bond referred to in
the decree, the name of Benjamin Williamson Jr. was omitted,
so that it was, in reality, the bond of Benjamin Williamson as
the guardian of the other minor heirs, whose names were set out
in it, and not his bond as the guardian of Benjamin Williamson
Jr. ; and that, as to him, it was the same as if no new bond
had been taken.

The question on which the case must turn, is, whether the
decree operated as a discharge of the first set of sureties, so far

as the estate of Benjamin Williamson Jr. was concerned ; and this depends upon the conclusiveness of the decree—whether the recital in it, that Benjamin Williamson had given a new bond as guardian of the minor heirs of Richard Williamson, can be contradicted.

By the act of 1821 (Clay's Digest 221 § 5), any guardian may be required to give further security, upon the complaint of any of his sureties ; and by a subsequent section of the same act (*Ib.* 222 § 7), it is provided, that, when a new security shall be ordered and taken of any guardian, the judge may direct such alteration in the condition of the bond as the case may require, and may order the original securities to be discharged entirely, or from the time of taking such new security, as to him shall seem proper. Under this act, we entertain no doubt, that the taking of a new bond is a jurisdictional fact, necessary to appear in order to give validity to the discharge ; and we think it equally clear from the statute, that it was the intention of the Legislature to submit this fact to the determination of the judge, as a preliminary to his action upon the application ; and this being the case, his judgment as to the existence of the fact was necessarily final and conclusive, at least so far as concerns his authority to discharge the former sureties.

This was the principle in Mather v. Hood, 8 Johns. 36, where the statute gave power to the justice, upon complaint being made of a forcible entry or detainer, to go to the place where the force was made, and record the same, set a fine upon each offender, and commit him to jail until the fine was paid. The suit was against the justice, for fining and imprisoning the plaintiff ; and the question was, whether the conviction was traversable ; the plaintiff offering to prove, that the justice did not go, and had no view, and that there was no force. The court held, that, although the proceedings of the justice were altogether *ex parte,* the conviction was conclusive as to these facts. So, also, in Mackaboy v. The Commonwealth, 2 Virginia Cases 268, the record of a riot in view of the justices was held to be unimpeachable. The court say, " No matter whether there was a riot or not, the record shall conclude." Martin v. Mott, 12 Wheat. 19, is to the same effect. The principle of these cases is, that where the fact upon which the power to act depends, is referred by the law-maker to be

determined by the court or officer, the determination of the fact by such court or officer is *res adjudicata*, and cannot be questioned; and this principle is decisive of the main question presented upon the present record. The question as to whether a new bond had been given, was referred to the court, and was determined by it. This fact appears affirmatively from the record, and the recital is not traversable.

The settlement, upon which the decree against the guardian was rendered, appears to have been before the court, and shows that he had received moneys on account of the ward, Benjamin Williamson Jr., to the amount of $2332 94, and that this amount was received after the appellees had executed the bond, and before their discharge from it. The settlement showed, also, that the guardian was entitled to credits, during the same period, of $855. 26 ; and the question was raised, whether the plaintiffs below were entitled to an execution for the difference. Upon this point, it is only necessary to observe, that, if the appellees were liable upon their bond for this amount (a question not necessary to be decided at this time), yet; as the decree rendered against the guardian embraced items which accrued after their discharge, they could not be liable for these items ; and as the decree was entire, it cannot be split up, so as to authorize an execution for a part only of the judgment, even if the sureties could be held responsible for such portion by a direct proceeding upon the bond.

The views which we have expressed are decisive of all the points presented by the record. The judgment is affirmed.