[Jones v. Ritter's Adm'r.]

# Jones *v.* Ritter's Adm'r.

### *Action on Administrator's Official Bond, against Surety.*

1. *Discharge of administrator's surety, by execution of new bond.*—The sureties on the official bond of an administrator are not discharged by the execution of a new bond by their principal under the order of the Probate Court, unless the new bond was required on their application (Rev. Code, §§ 2036-7); and when the record does not show that the new bond was required on the application of some one or more of the sureties, a recital in the order approving the new bond, that the sureties on the former bond are thenceforward discharged, is unauthorized by law, and of no effect.

2. *Grant of administration; whether general or special.*—On the application of a county administrator for the grant of letters of administration on the estate of a named decedent, an order which recites his former appointment as "*general* administrator of the county," and then directs that "*special* letters of administration on the estate of said decedent issue to him," shows a grant of general letters, and not of limited letters only; the word *special* being evidently used in contradistinction to the word *general* (or county) administrator, as already mentioned.

3. *Parol evidence in aid of record.*—When an administrator is required to give a new bond, and the records of the court do not show that it is done on the application of one or more of the sureties on his former bond, parol evidence of that fact cannot be received.

4. *Surety on administration bond; when concluded by decree against principal, and when statute of limitations runs in favor of.*—A decree of the Probate Court, rendered on the final settlement of an administrator's accounts, is conclusive on his sureties, in a subsequent action on his official bond, unless procured by fraud or collusion ; and the statute of limitations does not begin to run in favor of the sureties, until the rendition of such decree.

5. *Error without injury in rulings on pleas.*—A judgment will not be reversed on account of the erroneous sustaining of a demurrer to a special plea, when the record shows that the defendant had the full benefit of the defense under another plea, or that he was not in fact entitled to any defense under the plea held demurrable.

6. *Amendment of pleas, and filing additional pleas.*—A defendant may ask leave to amend a plea to which a demurrer has been sustained (Rev. Code, § 2657), but cannot claim the right to file an entirely new plea as an amendment ; and although the court may (and should in a case where justice requires it) allow a plea to be filed after the expiration of the time prescribed by the statute, yet this is matter of discretion, and its refusal cannot be held erroneous ; especially when no surprise is alleged, and the record shows that issue was joined on several special pleas already filed, under which the defendant had the full benefit of all the defenses set up in the new pleas.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Stephen Schuessler, as the administrator *de bonis non* of the estate of Joseph Ritter, deceased, against Jason G. Jones, as one of the sureties on the official bond of Thomas J. Orme as the general administrator of Montgomery county; and was commenced on the 19th

October, 1872. The official bond of said Orme was dated the 20th June, 1856, in the penalty of $50,000, and condi-tioned as follows: "Now, if the said Thomas J. Orme shall faithfully administer all estates which may come to his charge as such general administrator, and otherwise faithfully dis-charge all the duties which are or may be by law required of him as such general administrator, then this bond to be void." The complaint set out this bond, and alleged, as a breach thereof, that on the 13th October, 1857, letters of ad-ministration on the estate of said Joseph Ritter, deceased, were granted by the Probate Court of said county to said Orme, by virtue of his office as general administrator of the county, and he took on himself the administration of said estate; that on the 6th August, 1870, his letters of admin-istration on said estate were revoked by the said court, and letters of administration *de bonis non* were granted to the plaintiff; and that on the 10th October, 1870, on final settle-ment of the accounts of said Orme as administrator of said Ritter's estate, a decree was rendered against him by said court, in favor of the plaintiff as his successor in the admin-istration, for the sum of $2,896.24, which decree was in full force, and unsatisfied.

The defendant filed fourteen pleas, as follows: 1. The general issue, denying that the condition of the bond had been broken as alleged. 2. That no such decree was ever rendered as that set out in the complaint. 3. That on the 27th May, 1859, said Orme executed a new bond as county administrator, with other persons as sureties, and the sure-ties on the former bond were thereupon discharged by the order of the court; and that the alleged breach occurred, if at all, after that time. 4. That the said new bond was re-quired by the court on the application of the sureties on the former bond, or one or more of them, and the sureties were thereby released and discharged. 5. That the said probate decree was rendered, if at all, without any notice to said Orme, as required by law, and was void. 6. That the gen-eral administration of said Ritter's estate was never commit-ted to said Orme as general administrator of the county. 7. That the letters of administration issued to said Orme, on the estate of said Joseph Ritter, were special, and not gen-eral letters. 8. That said Orme never administered on the estate of said Ritter as the general administrator of the county. 9. That a large portion of the amount for which said decree was rendered against Orme consisted of the pro-ceeds of the sale of certain lands belonging to Ritter's estate, which were sold by said Orme under an order of said court, granted on his own petition; and that said order was void,

[Jones v. Ritter's Adm'r.]

and conferred on him no authority to make the sale, because he was only the special administrator of the estate, and had no authority to file such petition. 10. That said Orme did faithfully administer all estates which came to his hands as general administrator, according to the condition of said bond. 11. That said probate decree, if any such was rendered, is void and of no effect, because it was rendered without notice to said Orme. 12. That the moneys for which said probate decree was rendered were the proceeds of the sale of certain lands, said to belong to Ritter's estate, and sold under certain proceedings had in said court, and were not assets of said estate in the hands of said Orme. 13. That the administration of said Ritter's estate was never committed to said Orme as general county administrator. 14. The statute of limitations of six years.

The plaintiff took issue on the 1st, 2d, 8th, and 12th pleas, and demurred to each of the others; and the court having sustained the demurrers to all except the 4th plea, as to which it was overruled, issue was joined on that plea also. The defendant then offered, "by way of amendment," as the bill of exceptions states, "to file five additional pleas; but the court overruled his motion, and refused to allow said pleas to be filed; to which the defendant excepted." These pleas are set out at length in the bill of exceptions, but it is not necessary to copy them here.

On the trial, the plaintiff offered in evidence a certified transcript from the records of the Probate Court, showing all the proceedings therein had in the matter of the estate of Joseph Ritter, deceased. The order of said court granting letters of administration on said estate to said Orme, as set out in said transcript, is dated October 3, 1857, and in the following words: "This day came Thomas J. Orme, and applied for letters of administration on the estate of Joseph Ritter, deceased, late of Montgomery county. And it appearing to the court that the said Joseph Ritter, at the time of his death, was an inhabitant of the county of Montgomery; and the said applicant having heretofore been appointed general administrator for the county of Montgomery, and given bond as such administrator, in the sum of fifty thousand dollars, with Amos Jones and Jason G. Jones as his *securities*, which bond was approved and recorded; and the said Thomas J. Orme having taken the office, it is therefore ordered by the court, that special letters of administration on the estate of Joseph Ritter, deceased, issue to him, the said Orme; and ordered, that John W. Hughes and W. H. Shelby be, and they are hereby, appointed appraisers of the personal estate of Joseph Ritter, deceased; and ordered, that

they report their proceedings to the court within sixty days; and ordered, that the administrator return an inventory to this court within sixty days." The defendant objected to the admission of that portion of the transcript which contained this order, not stating any particular ground of objection; the court overruled his objection, and he excepted.

The defendant also objected "to that portion of the transcript which showed the proceedings had in said court in relation to the final settlement of said Orme's administration, commencing with the citation to him to show cause why he should not be removed from the administration of Ritter's estate." This order was made on the 19th July, 1870, and was in the following words: "It appearing to the court that Thomas J. Orme, administrator of the estate of Joseph Ritter, deceased, has not made settlement of said estate as required by law, and that he and the sureties upon his administration bond are insolvent, and that he has not complied with the law in reference to the disposition of estates for which there are no heirs or claimants, and that said administrator has used the funds of said estate, and that said matters are sufficient causes for the removal of said administrator; it is hereby ordered, that a citation issue to the said Thomas J. Orme, citing him to appear, and show cause, if any he can, why he should not be removed from his administration for causes aforesaid." On the 30th July, 1870, as the next minute-entry recites, the consideration of the matter was postponed until the 5th August; and on that day it was postponed until the next day, when, as the minute-entry recites, the administrator having failed to appear, although the continuance from the day before was at his instance, and sufficient causes for his removal being shown to the court "in this: that he and his bondsmen are insolvent, and that he has not complied with the law in relation to estates for which no heirs or distributees can be found, and that he has not made settlement as required by law,"—it was ordered that his letters be revoked, and that he be removed from the administration of the estate. The record does not state what objections were made by the defendant to this portion of the transcript; but the objection was overruled, and the defendant excepted.

The defendant also objected "to that portion of said transcript which contained the order appointing said Schuessler administrator *de bonis non* of the estate of said Joseph Ritter"; which order was made on the 22d April, 1870, and in the following words: "This day came Stephen Schuessler, a resident citizen of this county, over twenty-one years of age, and applied for letters of administration *de bonis non* on

the estate of said deceased; and it appearing to the court that Thomas J. Orme, the former administrator of said estate, has been removed from the administration thereof, and his letters revoked by order of this court, and that the said applicant has entered into bond, in the penal sum of four thousand dollars, with Adam Schuessler and Adolphus Roemer as his sureties, which bond has been taken, approved, and ordered of record; it is therefore ordered, adjudged, and decreed by the court, that said Stephen Schuessler be, and' he is hereby, appointed to administer the said estate, and that the proper letters of administration *de bonis non* do issue to him forthwith." The record does not state what objections were made by the defendant to this portion of the transcript; but his objection was overruled, and he excepted.

The defendant objected, also, to that portion of said transcript which showed the decree rendered by said Probate Court on final settlement of the accounts of said Orme as administrator of Ritter's estate, and the preliminary proceedings on which said decree was founded, which were as follows: On the 13th September, 1870, as the minute-entry recites, "came Stephen Schuessler, who is the present administrator of the estate of Joseph Ritter, and moves the court to proceed and state the account of Thomas J. Orme, the former administrator of said estate; and it appearing to the court, from an inspection of the records of the proceedings had in this estate, that the said Orme has been removed from the administration of said estate, and his letters duly revoked by this court, more than one month prior to this day, and that he has wholly failed to take any measures or proceedings to have the account pertaining to his said administration, and as to the assets of said estate which have come into his possession, adjusted and settled according to law; the court now proceeds to state said account against said Orme as such administrator, from the materials in the office of the judge of this court, and from such other information as may be accessible to the court"; and thereupon ascertained that, after allowing all credits to which he was entitled, he was chargeable with the sum of $2,896.24, and ordered that the account as stated be filed, and set for final hearing and adjudication on the 8th October next, and that notice thereof be published in the *Alabama State Journal*, a newspaper published in Montgomery, for three weeks consecutively. On the 8th October, the settlement was continued until the 10th; and on the latter day, after reciting the former orders, and the appearance of the administrator *de bonis non*, the decree proceeds as follows: "And it appearing to the satisfaction of the court, by due proof, that notice

of the stating of said account, and of the day set for the final hearing of the same, has been given by publication, for three successive weeks, in the *Alabama State Journal*, a newspaper printed and published in said county, in all respects according to law, and as directed in the said former order of this court; and no objection or exception to the said account, as heretofore stated by the court, having been filed, and none being now made known to the court; and it appearing to the court that the said account, as heretofore stated, is in all respects correct," &c.; it was thereupon considered, that the account as stated be allowed, and that the said Schuessler, as administrator *de bonis non*, recover of said Orme said sum of $2,896.40. The court overruled the defendant's objection to this portion of the transcript, and the defendant excepted.

The transcript also contained an order, made by said Probate Court on the 27th May, 1859, in these words: "This day came Thomas J. Orme, county administrator for Montgomery county, and renewed his bond, in the sum of seventy-five thousand dollars, with Jane Orme, John W. Orme, Harriet Orme, Anna Floyd, John A. Floyd, and R. F. Taylor as his *securities;* which was approved, and ordered recorded, and the *securities* on the former bond be released from all liability from and after this date." The defendant offered to prove, "in connection with this order," that the sureties on said Orme's original bond as county administrator "had made an application to said court, but not in writing, to require said Orme to give an additional bond as general administrator, and that said order was based on said application." The court excluded this evidence, and the defendant excepted. The defendant also offered to prove, "in connection with the other testimony in the case," that said Joseph Ritter died on the 6th September, 1857; which evidence the court excluded, and the defendant excepted. The defendant offered in evidence, also, an order made by said Probate Court on the 14th January, 1866, appointing William G. Waller county administrator; and another order, dated the 29th September, 1866, accepting a new offiial bond from said Waller as such administrator; which orders seem to have been admitted as evidence without objection.

"This was all the evidence in the case; and the court thereupon charged the jury, on motion of the plaintiff, that if they believed the evidence, they must find for the plaintiff the amount of the decree of said Probate Court, as set forth in said transcript, with interest thereon from the day of its rendition; and that they must believe the evidence, unless there was some evidence contradicting it"; to which charges the defendant excepted.

[Jones v. Ritter's Adm'r.]

The several rulings of the court on the pleadings and evidence, and the charge to the jury, as above set forth, are now assigned as error.

P. T. SAYRE, with whom were STONE & CLOPTON, for the appellant.—1. The record affirmatively shows that a new bond was required and given, and that the sureties on the old bond were thereupon discharged. For the purpose of sustaining the decree, when collaterally attacked, it will be presumed that the court acted properly, and that all the necessary preliminary steps were taken; and this presumption is conclusive.—*Hamner v. Mason*, 24 Ala. 480; *Ragland v. King's Adm'r*, 37 Ala. 82; *Cogburn's Adm'r v. McQueen*, 46 Ala. 568.

2. The 5th plea alleges that Orme had no notice of the decree on which the suit is founded. The statute (Rev. Code, § 2154) requires notice, and a decree rendered without notice is void. The jurisdiction of the court to render such a decree depends on the service of the citation.—*Croft v. Ferrell*, 21 Ala. 355. All personal judgments are void, unless the court has jurisdiction of the person. Except in admiralty proceedings, no one is bound by a judgment to which he is not a party or privy; and he can only be made a party by personal service, or according to the forms prescribed by law.—*Br. Bank at Montgomery v. Hodges*, 12 Ala. 121; *McCurry v. Hooper*, 12 Ala. 826; *Boykin v. Rains*, 28 Ala 342; *Hunt v. Frowner*, 28 Ala. 593. The law requires notice to be given to the administrator, in order that he may have an opportunity to protect his rights. Why should the statute require notice, if a decree rendered without notice is valid? In such cases, "due process of law," as required by the constitution, means personal notice.—Cooley's Const. Lim. 107, 356, 402–03.

3. The grant of administration to Orme, on Ritter's estate, was of *special* letters only, as shown on their face. The statute prohibits the grant of any other than special letters, to the general administrator, until the expiration of sixty days from the death of the intestate.—Rev. Code, § 2002. As the grant of letters on Ritter's estate was made to Orme before the expiration of sixty days, they could only have been special, as they purport to be. As special administrator, Orme had no right to petition for a sale of the land; the court had no jurisdiction to order a sale on his petition; the sale was void, and the money was not assets in his hands.— *Smith v. Wiley*, 22 Ala. 396; *Chighizola v. LeBaron*, 21 Ala. 412; *Martin v. Williams*, 18 Ala. 194; *Pettit v. Pettit*, 32 Ala. 288.

VOL. LVI.

[Jones v. Ritter's Adm'r.]

4. The order for the sale of the land is void on its face, because it is not shown that the personal property was insufficient to pay the debts.—Rev. Code, §§ 2079, 2984, 2086, 2087.

5. The record does not show that Orme has ever ceased to be the administrator of Ritter's estate, notwithstanding his removal from the office of county administrator—*Goodwin v. Hooper*, 45 Ala. 618.

ELMORE & GUNTER, *contra.*—1. The sureties on Orme's first bond as county administrator were not discharged by the execution of a new bond by their principal, unless the new bond was required on their application.—Rev. Code, §§ 183, 189, 2032, 2036, 2037. The application by the surety must be in writing, and is the initiatory step in the proceeding : without it, the court has no jurisdiction to act, and no presumptions can be indulged in favor of its proceedings. Jurisdiction must be shown to have attached, before any intendments can be indulged in favor of its exercise.—*Wyatt's Adm'r v. Rambo*, 29 Ala. 510 ; *King v. Kent's Heirs*, 29 Ala. 542 ; *Field's Heirs v. Goldsby*, 28 Ala. 218. In *Hamner v. Mason*, 24 Ala. 480, the record recited the existence of the necessary jurisdictional facts, and the court would not hear evidence to contradict the recitals.

2. Orme's liability was judicially ascertained by the proper court, and cannot now be called in question by the surety. The surety is concluded by the decree, and can only plead to the *factum* of the bond, or its legal sufficiency.—*Watts v. Gayle & Bower*, 20 Ala. 825 ; *Williamson v. Howell*, 4 Ala. 693 ; *Ragland v. Calhoun*, 36 Ala. 612.

3. In stating the account, and rendering the decree against Orme, the court strictly pursued the statute.—Rev. Code, § 2232. The administrator is presumed to be in court, and no other notice than what is prescribed is necessary.— 20 Ala. 825. As to the effect of such judgment, see *Turner v. Esselman*, 15 Ala. 693.

4. The record showed every fact necessary to sustain the action. If there was any technical error in the various rulings on the pleadings, it was error without injury. The defendant had the full benefit of all available defenses under the issues joined. The refusal to allow him to file additional pleas was matter of discretion, and is not revisable.—*Hair v. Moody*, 9 Ala. 399.

MANNING, J.—Appellant, Jones, was a surety on the bond of one Thomas J. Orme, for the faithful discharge of the duties of the latter as general administrator of Mont-

gomery county. The appointment of Orme to this office was made in 1856, and the bond was then executed, with a penalty of $50,000. On the 3d of October, 1857, on his application to be appointed administrator of the estate of Joseph Ritter, deceased, the court, reciting that he had previously been appointed general administrator for the county, and had given bond as such, and taken the office, ordered "that special letters of administration on the estate of Joseph Ritter, deceased, issue to him, the said Orme," and that certain designated persons be appointed appraisers, and "report their proceedings to the court within sixty days, * * * and that the administrator return an inventory to this court within sixty days." Orme proceeded thereupon to act as administrator in chief of Ritter's estate.

At a special term of the court, held May 27th, 1859, as is recited in the record, "came Thomas J. Orme, county administrator for Montgomery county, and renewed his bond in the sum of $75,000, with Jane Orme, John W. Orme, Harriet Orme, Anna Floyd, John A. Floyd, and R. F. Taylor, as his sureties; which was approved, and ordered recorded, and [that] the securities in the former bond be released from all liability from and after this date."

December 17th, 1858, Orme filed his petition as administrator of Joseph Ritter, for a sale of two lots of land of the estate of Ritter, to pay debts, and with it a statement of the debts to the amount of $319.36, which considerably exceeded the appraised value and proceeds of the sales of the personal estate; and under proceedings which seem to have been regularly conducted, and in pursuance of an order of court, he sold the lots, and the court confirmed the sale. Being cited to make a settlement of his accounts, he did so in February, 1866; when it was ascertained and decreed, that he had in his hands moneys of said estate to the amount of $1,794.79. In 1870, said Orme not having obeyed the orders of the court to make a final settlement, proceedings were instituted for his removal, and he was removed from the administratorship of Ritter's estate, August 6th, and on the 22d of same month, appellee, Schuessler, was appointed administrator *de bonis non.*

A final decree was rendered, October 10, 1870, against Orme, on a settlement of his accounts, upon a statement and auditing of them by the Probate Court, by which he was required to pay, as the sum due from him, $2,896.26 to said Schuessler, the administrator *de bonis non.* For the recovery of this sum, with interest, the suit in the Circuit Court, now by this appeal before us, was brought by Schuessler against appellant, Jason Jones, as surety on the bond of Orme made

in 1856. Fourteen pleas were filed for defendant in the Circuit Court, and demurrers to most of them having been sustained, seven or more other pleas were then offered by him; which the court refused him leave to file, and defendant excepted. The trial was had on the 1st, 2d, 4th, 5th, 8th, and 12th pleas, filed on behalf of defendant. By the 1st plea, he denied that the condition of the bond had been broken. By the 2d, he denied that any such decree as that set forth in the complaint had been rendered by the Probate Court. By the 4th, he averred that, upon application of the sureties, or of one of the sureties to the bond sued on, Orme had been required by the Probate Court to execute, and on the 27th of May, 1857, did execute another bond for the faithful discharge of his duties as general administrator of Montgomery county, with other sureties, and in the sum of $75,000, which bond was approved by the court; and that it thereupon, by its order, discharged the sureties upon the first bond from all liability thereon after that day, and that the breaches alleged in the complaint had all taken place afterwards, if at all. By the 5th plea, defendant alleged that, if any such decree as that mentioned in the complaint had been rendered by the Probate Court, it had been rendered without the notice required by law, and was void. The 8th plea denied that Orme ever administered on the estate of Ritter, as the general administrator of Montgomery county; and by the 12th plea, it was alleged, that a large part of the amount of the decree mentioned, to-wit, $2,896.24, was proceeds of the sale of lands alleged to have belonged to said Ritter, which were sold under orders of the court, but that the proceeds were not assets of Ritter's estate.

None of the pleas to which demurrers were sustained, averred that defendant had not executed the bond sued on, or had paid or satisfied the decree of the Probate Court; or that this decree had by fraud been obtained for a larger amount than was due from Orme.

Upon the trial, the evidence for plaintiff consisted of a certified transcript of the record of the Probate Court, containing the entry of the appointment of Orme as general administrator, a copy of the bond sued on, the order committing to him, as such administrator, the estate of Joseph Ritter, and other matters hereinbefore mentioned, and all else that was done in the course of the administration of that estate. Defendant introduced record evidence of the appointment, January 14th, 1866, of William G. Waller, as general administrator of Montgomery county, and of the execution by him and sureties of a bond as such, and his acceptance of the office. And this being all the evidence in

the cause, the circuit judge instructed the jury, that "if they believed the evidence, they must find for the plaintiff the amount of the decree of the Probate Court set forth in said transcript against Orme, with interest thereon from the date of its rendition; and that they must believe the evidence, unless there was some evidence contradicting it"; to which charge defendant excepted.

1.  A point insisted on for the defense is, that the order made discharging the sureties upon Orme's first bond, when he executed a second one, as set forth in the record of the Probate Court, effectually absolved defendant from liability for any mal-administration or delinquency by Orme after that time.  This is not the effect, however, of the mere decree, without any recital, or evidence in the record, of the facts which the statute law makes necessary to give it such validity.  A second or other subsequent administration bond may, from time to time, be required of an executor, or administrator, on application by "any creditor, legatee, devisee, heir, distributee, or executor or co-administrator," as well as by any surety on a former bond.—Rev. Code, § 2019.  Such application "must be in writing; must specify the grounds of complaint, and be verified by oath."—Sec. 2020.  After this, section 2036 (in the same chapter) enacts :  "When an additional bond is given *on the application of the surety* of an executor or administrator, such surety is discharged as to all breaches subsequent to the execution and approval of the additional bond."  No decree of the court is necessary, though it may be very proper, to produce that effect.  And section 2037 enacts :  "When the additional bond *is not given on the application of a surety*, the former bonds are *not* discharged," &c.  This would be so, notwithstanding a decree of the court declaring such bonds discharged.  Thus, we see that, on this subject, the statute law is unusually explicit.  It is peremptorily declared, in both affirmative and negative forms of expression, that application by a surety is necessary to effect a discharge of former bonds.  Now, it has become the settled law of Alabama, that, in the exercise by a Probate Court of statutory authority of this kind, its records must show that the facts upon which the efficacy of its action is made to depend did really exist.  Many decisions, some of which seem to me to have been carried too far, have made this established doctrine in this court.— *Wyatt's Adm'r v. Rambo*, 29 Ala. 510; *Hamner v. Mason*, 24 Ala. 480; 1 Brickell's Dig. 439, § 171.  Under their influence, and the emphatic expressions in the statutes, we are constrained to. hold that, as the record does not show that the second bond was given upon the application of any surety to the first, the

[Jones v. Ritter's Adm'r.]

defendant was not discharged from his liability upon it by the order of the Probate Court. Although a judge of probate may, whenever he finds it requisite, cause an administrator to be required to execute an additional bond, he has no power, when it has been executed without the application of a surety, to decree that the former bond shall be thenceforward discharged, and thus to deprive creditors, legatees, heirs, and distributees, of the benefit of a security that has been provided for them.

2. It is also insisted, on behalf of defendant, that Orme was not authorized to sell the real estate, and is not chargeable with the proceeds, because he was only an administrator *ad colligendum*—what is called in sections 1994 to 1997 of the Revised Code, a *special administrator*, of Joseph Ritter's estate; one whose duty it was to collect and preserve the goods of the deceased, for the administrator or executor to be afterwards appointed. We do not so understand the record. It nowhere confers on him only such limited authority, or even calls him a special administrator. True, in the order which recites that Orme "applied for letters of administration on the estate of Joseph Ritter, deceased," not for a restricted and temporary authority to collect and preserve it, the Probate Court, having set forth that Orme had been "appointed general administrator for the county of Montgomery, and given bond as such administrator, in the sum of $50,000, with Amos Jones and Jason G. Jones as his securities, which bond was approved and recorded," therefore ordered that "*special* letters of administration on the estate of Joseph Ritter, deceased, issue to him, the said Orme, and ordered that John W. Hughes and W. H. Shelby be * * * appointed appraisers of the personal estate of Joseph Ritter, deceased," &c. It seems to us clear, that the word "special" here is used only in contradistinction to the word "general," as applied to the same person just before, in designating him as the "general administrator of the county;" and it was ordered that "special letters of administration" issue to him, as the proper means and evidence of committing to him a *particular* estate, by reason of his being, and having given a sufficient bond, as *general* administrator of the county. Both what goes before, and what comes after that part of the order, as well as the fact that he was not charged with the duty of merely collecting and preserving the goods of Ritter's estate, convincingly prove that he was constituted administrator of it, to the full measure of the office, and with all the powers belonging to it. The record contains no mention of any circumstance that would serve as a reason for giving to him a less authority. It follows, that the sale he

made of the real estate was valid, and that he is consequently chargeable with the money paid to him for it.

3. The testimony offered by defendant—that the sureties, or one of them, did in fact, though not in writing, make application to the probate judge to have themselves released from the bond sued on, and the second one taken in its stead, was properly excluded by the court. Besides that the statutes, as we have seen above, required that the application should be in writing, it is not permissible to show by oral evidence that a record is defective, and then to have its defects in the same manner corrected or supplied.

4-5. The judicial ascertainment by the Probate Court of the amount of an administrator's indebtedness, when not procured by fraud or collusion, is conclusive against his surety.—*Ragland v. Calhoun*, 36 Ala. 612; *Fretwell v. McLemore*, 52 Ala. 124. And until a judicial ascertainment of such liability, the statute of limitations does not begin to run in favor of his surety.—*Fretwell v. McLemore, supra.* And since the transcript of the record in the Probate Court shows the amount and date of the decree against Orme as administrator, and itself contains proof of all the necessary averments in the complaint, and there is no conflicting evidence, the charge of the court, that if they believed the evidence, they must find for the plaintiff, was not erroneous. It is quite clear, from the record evidence, that any other that could have been legally introduced in support of the pleas that were adjudged bad on demurrer, would not have produced a different result on the trial. While, therefore, we find no error in the rulings of the Circuit Court sustaining the demurrers to those pleas, it is not necessary to go into a particular analysis and examination of them. For, when a demurrer to a plea is even improperly sustained, but the defendant has the benefit of his defense under another plea, "or the record shows he is entitled to no defense under the plea overruled, the judgment will not be reversed."—*Shehan v. Hampton*, 8 Ala. 942.

6. If the defendant, when the Circuit Court decided certain of his pleas to be bad on demurrer, had proposed and asked leave to amend them, or any of them, in particulars in which they were held to be defective, it would have been the duty of the court, under section 2657 of the Revised Code, to permit this to be done. But, instead of this, defendant proposed to file a number of other wholly different pleas. This is not amendment, within the meaning of that section. It was within the discretion of the court, doubtless, to permit them to be then filed; but if it refused to do so, we must presume it was because the judge was satisfied that, to allow

it then to be done, would only tend to produce useless embar-
rassment and delay.    According to section 2662 of the Re-
vised Code, when the term of the court is more than one
week, the defendant must, within the first three days of the
appearance term, plead or demur to the complaint; and if
the term is to continue only one week, this must be done
within the first two days.    Certainly, no upright judge
would rule out a plea, that was shown to be necessary to the
attainment of justice in a cause, merely because not offered
within the statute time.    But we cannot undertake to say,
when, as in this instance, more than a year has elapsed be-
tween the service of the summons and the trial, that a cir-
cuit judge acts either illegally or unjustly in refusing per-
mission to file seven additional pleas, besides six on which a
trial was to be had, and eight others to which demurrers had
been sustained, all in a single cause.

The real hardship to this appellant, who was a surety only,
and reasonably supposed he was many years ago lawfully
discharged from the bond he is now sued on, has made his
able counsel labor in his behalf with a perseverance which
their sympathy with him would not permit to relax.

We are constrained to affirm the judgment of the Circuit
Court.

STONE, J., not sitting, having been of counsel.