## Cox *v.* Johnson *et al.*

*Bill in Equity to set aside a Deed of Conveyance for Fraud ; and for Settlement of Guardian's Account.*

1. *Relieving minors of disability ; impeaching equity decree.*—In relieving minors of the disability of infancy (Code, §§ 2735–41) the Chancery Court exercises a special and limited jurisdiction, and its decrees stand on the same footing as the judgments of courts of limited and inferior jurisdiction, whose recitals of notice or appearance may be impeached and contradicted, in a collateral proceeding, by extrinsic evidence.

2. *Same ; requisites of petition.*—When the infant has a guardian, the petition asking to be relieved of the disabilities of non-age must be signed by the infant in person, and the guardian must join in the petition ; and if signed by the guardian, in the name of the infant, but without his knowledge or consent, the decree founded on it is a fraud on the jurisdiction of the court, which the court will set aside on a direct proceeding, or, without setting it aside, will prevent the guardian using it against the infant.

3. *Guardian's settlement ; requisite proceedings.*—A settlement of the guardian's accounts in the Probate Court, made during the minority of the ward, before the resignation of the guardian, and without the appointment of a guardian *ad litem*, is void for want of jurisdiction ; and a decree in chancery removing the ward's disabilities as an infant, fraudulently procured by the guardian, imparts no validity to the settlement.

4. *Ward suing guardian after attaining majority to avoid settlements made.*—A bill in equity filed by a ward within twelve months after at-

[Cox v. Johnson et al.]

taining majority, seeking to compel a settlement of the accounts of his guardian, and to set aside conveyances executed by him to his guardian during his minority, based on a void settlement rendered by the Probate Court, is neither multifarious, nor wanting in equity.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. S. K. McSPADDEN.

This was a bill filed by H. T. Johnson and his wife, whose maiden name was Willie Caver, against Noah W. Cox, and was commenced October 5th, 1885. The object of the bill was to re-open and settle the guardianship accounts of the defendant with his former ward, the said Willie Caver, and to annul and set aside a deed executed by Willie Caver to Noah W. Cox, conveying her paternal estate in lands, which was alleged to have been fraudulently procured by the said Cox a short time before her marriage to her husband, H. T. Johnson.

The bill alleges that the father of Willie Caver died in 1862; that her mother married the defendant, Cox, in 1865, and died in 1867; that her surviving husband became the guardian of Willie, and both, guardian and ward, resided on the estate of the ward till the 12th of December, 1881; that some time prior to the last named date, some person, acting at the instance of Noah W. Cox, and without the knowledge, wish or consent of Willie, filed a petition in the Chancery Court, to which Willie's name was signed, praying that she be relieved of the disabilities of non-age, under the statute providing therefor; upon which petition and proof sustaining the allegations thereof, the chancellor granted the prayer of the pretended petition; that the first information Willie had of these proceedings was on the 12th of December, 1881, when she was brought by Cox to the court house at Prattville; that said Cox, while on the way, informed oratrix that he wished to make a settlement with her, and then informed her that she had been relieved of the disabilities of non-age; that oratrix was taken into the probate office by Cox, where she was shown some papers and asked some questions, of which she remembered nothing definitely; that immediately after said pretended settlement, on the same day, the said Cox proposed a purchase from oratrix of the real estate upon which she and the said Cox had resided since his marriage with the mother of oratrix, containing about 320 acres of land, which Cox represented to oratrix was worth about fifty cents per acre, but which was in fact worth about $2 per acre; that Cox had a deed ready prepared, which oratrix signed at the request of the said Cox, her step-father and guardian. That part of the bill seeking a re-opening of the guardianship settlement recites that oratrix was charged board at exorbitant rates by her guardian, for fourteen years, while the guardian was living on oratrix's land, and while using

oratrix as a menial in his family by requiring her to cook, wash and iron, and do other servant's work about the place, for which service no compensation was allowed oratrix in said settlement; that Cox falsely represented to oratrix that in his settlement of her guardianship he had not charged her anything for board, and that it was only about eight months before the filing of her bill that oratrix had discovered that such representation was false. The bill further shows that it was filed within less than two years after oratrix attained her majority. The defendant demurred to the bill, on the grounds that it was multifarious, and that more than two years had elapsed since the final settlement of the guardianship and the commencement of the suit. These demurrers were overruled, and this action of the court is assigned as error on appeal.

C. S. G. Doster, for appellant.

Sadler & Holmes, contra.

SOMERVILLE, J.—Taking as true the facts stated in the bill, as we are compelled to do on demurrer, the defendant can not be permitted to found any right on, or obtain any protection from the decree of the Chancery Court, rendered October 7th, 1881, purporting to relieve the complainant, Mrs. Johnson, of the disabilities of infancy or non-age. The Chancery Court, in affording such relief to minors, exercises a limited jurisdiction, or special statutory power, which stands on the same footing with the proceedings of courts of limited and inferior jurisdiction. *Cohen v. Wollner*, 72 Ala. 233; *Ashford v. Watkins*, 70 Ala. 156. And decrees or judgments rendered by courts of this class are exempt from the rule, applicable only to courts of general jurisdiction, that parol evidence is inadmissible to contradict the record of the court reciting the appearance of the parties in person or by attorney, in the case of domestic judgments, even though such unauthorized appearance is a fraud or a forgery, unless on bill filed by the defrauded party, properly framed, with the view of impeaching such record. Freeman on Judg. (3d Ed.), § 134, note 1; *Ferguson v. Crawford*, 70 N. Y. 253; s. c. 26 Amer. Rep. 589. It is permissible to attack such judgments, even collaterally, by extrinsic proof showing that the recitals of notice or appearance were in fact false, and that, for this reason, the court rendering the judgment had no jurisdiction over the parties, which is equally essential with jurisdiction over the subject-matter in all proceedings not purely *in rem*.

The bill alleges that the petition to remove the complainant's disabilities of non-age was prepared collusively by the attorney

of the defendant, who was her guardian and her step-father, and was signed in her name and filed in the chancery court, without her knowledge or consent. Complainant was then about nineteen years of age, and was known to her guardian to be on the eve of impending marriage to her co-complainant, who is now her husband. The defendant had been her guardian for about fourteen years, in the possession and management of all her property, and largely indebted to her. The motive for a speedy settlement, hastened in time to escape a rigid overhauling of his accounts by the intended husband, was very strong. The action of the Chancery Court was needed to sweep away the only obstruction to this plan, and the bill alleges that this was obtained without the complainant's desire, knowledge or consent, that she knew nothing of its legal effect when first informed of it, and that the purpose of her guardian in proving it was to cover up his defalcations and defraud her of her property.

The statute requires that the minor should have signed the petition in person, and that her guardian should join with her. Code, 1876, § 2735, sub-div. 3. If this was not done the court had no jurisdiction to render the decree relieving complainant of her disabilities of infancy; the decree itself would be fraudulent, and, whether it sought to be regularly impeached or opened in this bill or not, a court of equity will preclude the defendant from taking any advantage of such a judgment, of which he can not in good conscience and all honesty avail himself. As said by this court in *Lee v. Lee*, 55 Ala. 590, 602, the court, even without vacating the judgment, "may prevent the parties guilty of the fraud from taking any benefit under the judgment or decree, either as a ground of relief or defense, and leave its vacation to the tribunal pronouncing it." Freeman on Judg. (3d Ed.) § 134, p. 148, note.

In this aspect of the case, the settlement made in the Probate Court of Autauga county, or rather what purports to be such, by the defendant, was void for want of jurisdiction in that court. It was made during the minority of the ward, and before the resignation of the guardian, and the ward was not represented by a guardian *ad litem*. The case of *Glass v. Glass*, 76 Ala. 368, is conclusive on this point. And it becomes immaterial to enter upon any consideration of the inquiry as to what the rule would be if the bill were filed to correct errors of law or fact in the settlement of a guardian's account, under sections 3837–3839 of the present Code. Both the original and the amended bills aver facts which show that the entire settlement was a void proceeding, without the jurisdiction of the court undertaking to make it.

[Reeves v. Brooks.]

The suit then becomes one simply to remove the settlement from the Probate to the Chancery Court, and to set aside certain conveyances of property made by the ward to her guardian, during her minority, at a grossly inadequate price, and while the trust relationship of guardian and ward was still existing. The mere statement of the case shows that the bill is neither multifarious nor otherwise wanting in equity. *Voltz v. Voltz*, 75 Ala. 555; *Noble v. Moses* 74 Ala. 604. Nor can there be any question whatever that it was filed in time, as the suit was instituted within less than a year after the ward became of age, and so soon as she was apprised of the fraud that was practiced upon her.

The demurrer to the bill was properly overruled and the decree is affirmed.