[Turrentine v. Daly.]

# Turrentine *v.* Daly.

## Bill in Equity to compel Settlement of Guardian's Accounts, impeaching Former Settlement in Probate Court.

1. *Presumption in favor of judgment, as to jurisdictional fact; recitals of probate decree, as to age of ward.*—When the jurisdiction of the court to render judgment in the particular case depends upon the existence of some preliminary or concomitant fact, the exercise of jurisdiction raises the indisputable presumption that the existence of that fact was judicially determined; but this principle does not apply to a probate decree, rendered on final settlement of a guardian's accounts, which recites that the ward " is now of full age," so as to prevent him from disputing the fact, when the record shows that he was a minor at the time the accounts were filed for settlement, and does not show that he ever appeared.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. THOS. COBBS.

The record in this case, as made up by consent, does not show when the original bill was filed, containing only the amended (or substituted) bill, which was filed July 20th, 1886, the exhibit thereto, the demurrer, and the chancellor's decree overruling it. The bill was filed by Mrs. Ella C. Daly (*nee* Fogg) and her husband, against John Turrentine, her late guardian, to remove the settlement from the Probate Court, and compel a settlement in the Chancery Court. A transcript of all the proceedings had in the Probate Court, in the matter of the guardianship, was made an exhibit to the bill. The bill alleged that the complainant attained her majority on the 29th November, 1883; that the defendant refused to make a settlement of his accounts as her guardian, on the ground that he had already made a final settlement in the Probate Court, which settlement he claimed was conclusive; and that said settlement, if not absolutely void, was voidable at the election of the complainant, because she was then a minor, and was not represented by guardian or otherwise, and she elected to avoid it.

As shown by the transcript from the Probate Court, the letters of guardianship were granted on the 14th June, 1869, the minor then being under fourteen years of age, In February, 1873, an annual or partial settlement was made, by which it was ascertained that the guardian had received assets amounting to $547.91, and was entitled to credits

amounting to $264.23, leaving a balance in his hands of $283.68 ; and on this settlement the ward was represented by a guardian *ad litem* appointed by the court.   On the 15th January, 1876, as the next judgment-entry recites, the guardian "filed his resignation as guardian, and his accounts and vouchers for a final settlement ;" and the court thereupon ordered, "that the matter of such settlement be set for hearing on the 17th day of February, 1876, and that notice of the time and nature of such settlement be given by publication, for three successive weeks, in the *Athens Post*, a newspaper published in said county, notifying all persons in interest to appear, and contest the same, if they think proper."   The record then recites that " said settlement was continued, from term to term, fifty-five times, until the September term, 1880, when, on the 13th September," a final decree was rendered as follows :  "This day having been set to hear and determine all matters as to the account heretofore filed by John Turrentine, as guardian of said ward, for final settlement of his said guardianship ; now comes the said John Turrentine, and moves the court that his said account be passed and allowed ; and it appearing that due notice of the nature and time of such settlement has been given, strictly in pursuance of the former order of this court, and said ward being now of full age, the court proceeds to audit and examine said account," ascertaining that a balance of $24.00 remained in his hands ; but no decree for this balance was rendered in favor of the ward, nor was it ordered that the guardian be discharged.  A receipt for this balance ($24), signed by the ward, and dated September 28th, 1880, is copied into the transcript.

The defendant demurred to the amended bill, assigning the following as grounds of demurrer :  (1.) Because the amended bill is a departure from the original.   (2.) Because the original bill sought to correct errors in the former settlement had in the Probate Court, and the amended bill seeks to compel a settlement *de novo*, on the ground that the former is void.   (3.) Because no special reasons are alleged for removing said settlement from the Probate Court.   (4 ) Because it appears that a final and valid settlement of said guardianship has been made in the Probate Court, which court had acquired jurisdiction of the subject-matter and the parties.   (5.) Because it fully appears that said guardian resigned, and afterwards filed his accounts for a settlement ; and that the court made a final settlement after the said Ella became of age, and rendered a proper decree ; and that more than two years elapsed after said settlement, before the bill was filed in this case.   (6.) Be-

[Turrentine v. Daly.]

cause all the matters set up in the bill have been adjudicated and concluded by a court of competent jurisdiction in
the premises.    (7.) Because it is nowhere alleged that said
final decree was obtained by fraud, collusion, or improper
conduct, on the part of said defendant or any one else.

The chancellor overruled the demurrer, and his decree is
now assigned as error.

McCLELLAN & McCLELLAN, and J. J. TURRENTINE, for appellant, cited Code, §§ 2772, 2793, 2808, 3837-39 ; 24 Ala.
480 ; 29 Ala. 510 ; 27 Ala. 663 ; 76 Ala. 368 ; 67 Ala. 406 ;
60 Ala. 107, 133 ; Freeman on Judgments, 132.

R. W. WALKER, *contra,* cited *Lewis v. Allred,* 57 Ala. 629 ;
*Hutton v. Williams,* 60 Ala. 136 ; *Bloom v. Burdick,* 1 Hill,
N. Y. 130 ; *Smith v. Rice,* 11 Mass. 507 ; *Lee v. Lee,* 67 Ala.
406 ; *Ferguson v. Crawford,* 26 Amer. Rep. 500 ; *Werborn v.
Austin,* at the present term ; Freeman on Judgments, 78.

STONE, C. J.—The argument of counsel seeks to hinge
this case on a legal principle, sound, yet somewhat artificial
in its nature, which it is exceedingly difficult to formulate
in a general rule applicable to all cases.    The principle is
this :    When the exercise of jurisdiction, or official authority, depends on the existence of some preliminary, or concomitant fact or facts, and no machinery or formula is provided for the ascertainment of such fact or facts, then the
exercise of such judicial functions, or performance of such
official act, raises the indisputable presumption, that the
existence of such preliminary or concomitant fact or facts
had been ascertained, before the official act was performed.
And this principle is sometimes applied, when a judgment
of a court of competent jurisdiction, otherwise regular, can
be upheld only on the theory, that the court, before rendering the judgment, ascertained the existence of some fact,
assumed or implied in the judgment rendered, without
which the court would have had no authority to act.—*Hamner v. Mason,* 24 Ala. 480 ; *Gunn v. Howell,* 27 Ala. 663 ;
*Wyatt v. Rambo,* 29 Ala. 510 ; *Hunt v. Ellison,* 32 Ala. 173 ;
*Lee v. Lee,* 67 Ala. 406 ; *Landford v. Dunklin,* 71 Ala. 594 ;
*May v. Marks,* 74 Ala. 249 ; *Glass v. Glass,* 76 Ala. 368 ; *Cox
v. Johnson,* 80 Ala. 22.

We do not understand the principle stated above to be
applicable to this case.    Turrentine had resigned his guardianship of Miss Fogg, before he filed his account-current
for settlement.    This gave the court jurisdiction of the subject matter.—*Lee v. Lee,* 67 Ala. 406.    The inquiry, whether

the ward had attained to majority or ·not, did not pertain to the court's right to hear and determine the cause. That right accrued when the guardian's resignation was received and filed. What was.wanted was jurisdiction of the person. That inquiry was material only in determining in what manner the ward should be represented on the settlement. If she was adult, she should have appeared in person, or by counsel, one or both. If she was a minor, a guardian' *ad litem* should have been appointed for her, and he should have accepted and acted. An indispensable element of the conclusiveness of a final settlement of a guardian, made during infancy of the ward, is the representation of the ward by a guardian *ad litem* of the appointment of the court. A settlement without the appointment of such guardian, and without affording him the opportunity of ·appearing and contesting the accounts of the guardian on behalf of the ward, is *ex parte*, and, at the election of the ward, may be disregarded. It is not evidence against him, and is not a bar to any proceeding he may subsequently commence for a settlement of the guardianship.—*Hutton v. Williams*, 60 Ala. 133, and authorities cited; Freem. on Judg. § 98; *Werborn v. Austin*, at the present term.

We have attempted to show, and think we have shown, that this case is not governed by the principle invoked. We hold that the recital in the decree, "said ward being now of full age," is not the conclusive ascertainment of a jurisdictional fact, but that the same may be controverted. *Cox v. Johnson*, 80 Ala. 22.

The original bill is not before us, and we can not consider the first, second, and third grounds of demurrer. There is nothing in the other grounds.

In one feature this case is very peculiar. The guardian resigned in 1876, and immediately filed his account-current for final settlement. An order was then made, setting a day for settlement, and ordering publication to be made. We suppose publication was made soon afterwards. It is not denied that the ward was a minor at that time. For some reason not explained, the settlement was not made until 1880, about four and a half years after the day set for the settlement. It is not shown that the ward appeared, or was represented, either at the settlement, or at any time while it was pending. It is shown that she was non-resident during the whole term of the guardianship. The notice was given only by statutory publication, and while she was a minor. As we have seen, no guardian *ad litem* was ever appointed for her, and there is nothing in the record showing she had any knowledge of the pending settlement.

The peculiarity we refer to is this: The account was.filed, and publication ordered, for settlement with her as a minor, but no steps were taken to have her represented as a minor. Four and a half years afterwards, without further notice, and without her presence by self or counsel, the settlement was made with her on the recited fact that she had become of lawful age. We mention these facts, not for the purpose of raising any inquiry as to the good faith of the guardian. The trust estate was small, and our attention has not been directed to anything in the record which indicates bad faith, or inefficient administration. Our sole purpose in introducing this subject is, that we may disclaim any and all intention, in what is decided above, of approving or disapproving the course pursued, changing the settlement from one with a minor to a settlement with an adult, without the presence or representation of the ward, and without notice of the changed purpose. Should a case similar to this ever again come before us, we wish to be understood as entirely uncommitted on this question.

The decree of the chancellor is affirmed.